Parker, C. J.
By judicial construction of the third article ol *179 the declaration of rights, prefixed to the constitution of the commonwealth, it has been settled that when any citizen, living within the limits of a parish, has been taxed towards the support of the minister, if he attends upon the instructions of a minister of another denomination, the latter may recover the taxes paid by the citizen, from the treasury of the town or parish which receives it. And the statute of 1799, c. 87, contains express provisions to this effect.
It has been settled, however, in Montague vs. The First Parish in Dedham, that a demand must be made within a reasonable time; so that the parish thus receiving may not be embarrassed, after they have paid over the money to their minister; and one year from the assessment was held, in the same case, to be a reasonable time. But it was there suggested, that particular circumstances might exist, which would render it proper to prolong the time. In the present case, although the taxes were assessed more than a year before any demand was made by the plaintiff, yet the demand was made in less than a year after the payment of the taxes ; and it does not appear that any notice was given of the assessment until within a year before the demand was made; so that no objection lies to the recovery on that ground.
It certainly may be doubted, whether it was the intention of those who framed the constitution, or of the people who adopted it, to give a right to withdraw from the parish or town treasury, taxes which had been assessed upon real estate within the limits of those corporations, the owner living in some other town. But the words of * the article are too general to admit of any [ * 212 J restriction by construction. “ All moneys paid by the subject,” &c. will necessarily include that which is dérived from a tax upon non-residents’ property, as well as other taxes. We do not see but the plaintiff has brought himself within the constitutional rule, and that he must recover the money, which has been paid by his parishioner.
An objection was suggested in the argument, to the certificate filed by the person whose taxes are sued for, as not being in the form prescribed by the statute of 1799 ; and also that it does not appear that the committee, who signed the certificate, were chosen pursuant to that statute.
If the plaintiff’s right to recover rested altogether upon that statute, he would fail in his suit; for it-is not signed by the plaintiff, as teacher of the society to which Skelton belongs. But it must be remembered that the plaintiff’s claim is founded upon a right secured to him by the constitution ; and that, although the legislature have a right to prescribe the form of action, and the measures to be pursued, before the right of action shall accrue, they *180 also have the power to repeal or alter those regulations, as to them shall appear expedient.
Now, by the statute of 1811, c. 6, the legislature have declared the right of ministers, circumstanced like the plaintiff, to recover; and have also enacted that any person, who shall become a member of any religious society, shall be altogether exempt from taxation in any other religious society, provided he file with the clerk of the town, in which he resides, a certificate in the form prescribed by the statute. Such a certificate was duly filed in this case : and we are all of opinion that the plaintiff’s right to recover the money demanded is fully maintained.

Defendants defaulted.