INHABITANTS OF HARTLAND *versus* BENJAMIN P. CHURCH & *al.*

The decision of this Court in a former case, that the assessors of a town have no right to assess one not an inhabitant thereof, applies only to poll taxes.

Improved real estate, and personal property enumerated in the statute, may be assessed to non-residents, and, upon neglect to pay within' the time limited, the collection may be enforced by arrest and imprisonment in the county in which they may be found.

A collector of taxes, under a warrant from the assessors in which the time for completing the collection is specified, may arrest a delinquent after the lapse of the time limited therein.

ON REPORT of the evidence, by TENNEY, C. J., March term, 1859.

This was an action of *debt* upon two bonds, both dated May 30, 1857, given by Benjamin P. Church as principal, and James Church as surety, to the plaintiffs, to obtain the release of Benjamin from arrest on two warrants against him for taxes.

The recitals in one of the bonds were as follows:—"That whereas the said Benjamin Church has been, and now is, arrested by Nathan Elliot, collector of said town of Hartland, by virtue of a warrant issued for school tax assessed against him, the said Benjamin Church, by the assessors of said town of Hartland, for the second school district in said town, for the year 1853, which warrant is dated the ninth day of July, A. D., 1853, for the sum of twenty-seven dollars and eighty-five cents, with the officer's fees taxed at one dollar and forty-three cents, and whereas the said Benjamin Church now stands committed to the jail in said county," &c.

The recitals in the other bond were substantially similar, except that the warrant was for State, county and town taxes, and the sums named were different.

The defendants offered to prove that the bonds were given while said Benjamin P. Church was in jail, committed by virtue of the warrants severally mentioned in the bonds, and were given to release him from confinement; that he was not an inhabitant of the town of Hartland, liable to be taxed

therein, for the year for which said taxes were assessed; that, therefore, said taxes were not legally assessed against him; and that the warrants on which he was arrested were not in force at the time, and did not authorize the arrest;—all of which, being objected to, was excluded by the presiding Judge.

The defendants thereupon submitted to a default, with the agreement that the case should be reported to the full Court, and, if they should decide that the testimony offered, or any of it, was admissible, and would constitute a defence, or if, from the recitals in the bonds, the warrants did not justify the arrest, the default is to be taken off, and the case to stand for trial; otherwise the default is to stand.

*W. Folsom*, for the plaintiffs, argued that, in order to show that the bonds were obtained by *duress*, the defendants must prove that the arrest was not lawfully made, or the imprisonment was unlawfully continued. The recitals in the bonds admit the legality of the arrest and imprisonment, and the defendants are estopped to deny it. *Athens* v. *Ware*, 39 Maine, 345, and cases there cited in argument; *Watkins* v. *Baird*, 6 Mass., 506; 1 Fairf., 333.

The tax warrant, although issued in 1853, authorized the arrest in 1857. Stat. 1841, c. 14, § 71; stat. 1857, c. 6, § 93. It would be absurd to contend that a person might leave the State after a tax was assessed, and be exempt from arrest on his return.

Liability to taxation in a town does not depend upon actual residence there, if the person taxed has property in the town liable to taxation. Stat. 1841, c. 14, § 91; 1850, c. 190; 1857, c. 6, § § 99, 100.

*J. H. Drummond*, for the defendants.

If the imprisonment in this case was unlawful, it constitutes such *duress* as will avoid the bond. *Crowell* v. *Gleason*, 10 Maine, 325; *Whitefield* v. *Longfellow*, 13 Maine, 146; *Eddy* v. *Herrin*, 17 Maine, 338; *Fisher* v. *Shattuck*, 17 Pick., 252.

The arrest was unlawful, because made after the time when

the collector was required by his warrants to complete his collections of the taxes committed. The warrants were dated in June and July, 1853. The arrest was not made until May 30, 1857, nearly four years after. The time for completing the collection was fixed in the warrants. Stat. 1841, c. 14, § 57. The collector is to obey the directions faithfully. § 62. § 71 merely extends his power to collect the taxes committed after another collector is chosen.

The warrant is the collector's sole authority. By it he is directed to close his collections by a stated day. Has he any authority to enforce collections afterwards? If so, how long is his warrant in force? Can he arrest the body or distrain property for twenty or thirty years? There is no limit, unless contained in the warrant. It seems analogous to an execution, which cannot be enforced after the return day.

In *Bassett* v. *Porter*, 4 Cush., 487, the arrest was within a year, and was sustained by the Court. It is not shown that the statutes of Massachusetts are similar to ours. It is said that an arrest, after the time limited, is not prohibited by law. But no prohibition is necessary. It requires a positive provision of law to authorize an arrest. The silence of the law makes the arrest illegal. If the power to arrest is lost by lapse of time, it is forever lost, unless renewed.

Evidence was offered that Church was not an inhabitant of Hartland, liable to be taxed, for the year 1853. Assuming this to be proved, the assessment was illegal; and, having assessed him wrongfully, could they rightfully arrest him for non-payment? If not, the bond was given to obtain his release from unlawful imprisonment, was obtained by *duress*, and was void.

In *Athens* v. *Ware*, 39 Maine, 345, it was decided that the proof of *duress* rests upon the defendants; and the arrest in that case, not having been proved to have been unlawfully made, was sustained. The implication is, that if they had proved the arrest to have been unlawful, this would have shown *duress*. It is said the obligees are estopped to dis-

Hartland *v.* Church.

prove the recitals in the bond. But if they cannot show that the recitals were obtained by *duress,* no bond can be avoided for that cause. But the estoppel does not apply to bonds obtained by *duress.* *Cordis* v. *Sager,* 14 Maine, 475.

A bond void for *duress* is void both against principal and surety. *Fisher* v. *Shattuck,* 17 Pick., 252; *Whitefield* v. *Longfellow,* 13 Maine, 146.

The opinion of the Court was drawn up by

APPLETON, J.—From the recitals in the bond, the warrants therein described justify the arrest of the principal.

It was decided in *Herriman* v. *Stowers,* 43 Maine, 497, that the assessors of the town have no right to assess one not an inhabitant thereof. But that relates only to the poll tax. By R. S., 1857, c. 6, § § 99 and 100, which is a reënactment of previously existing provisions, the improved real estate and certain enumerated personal property may be assessed to non-residents, and, upon their neglect to pay for six months after the taxes are committed to an officer for collection, they may be committed to the jail in the county in which they may be found.

By R. S., 1857, c. 6, § 93, it is enacted that, "when new constables or collectors are chosen and sworn before the former officers have perfected their collections, the latter shall complete all their collections, as if others had not been chosen and sworn." It was held in *Bassett* v. *Porter,* 4 Cush., 489, that a collector of taxes, under a warrant from the assessors in which the time for the completion of the collection of taxes therein mentioned is specified, may arrest a person for the non-payment of his tax after the time limited in the warrant.

The facts offered to be proved would not have constituted a defence. *Default to stand.*

TENNEY, C. J., and RICE, CUTTING, MAY, and GOODENOW, JJ., concurred.