THE CITY OF DAVENPORT *et al.* v. THE MISSISSIPPI AND MISSOURI RAILROAD COMPANY *et al.*

1. REVENUE: PROPERTY OF RAILROAD COMPANIES. Under the provisions of chap. 152, Laws of 1858, the property of railroad company is taxable only through the property of the stockholders.

2. SAME: MORTGAGE. A mortgage executed by a railroad company on its depot grounds, road and rolling stock situated in this State, is not subject to taxation upon the failure of the mortgagee to list when the holder or owner of the mortgage is a non-resident of the State.

3. MORTGAGE: WHEN TAXABLE. Mortgages before foreclosure, are choses in action, and as such attach to the person of the holder, and are taxable at the place of his domicil. They are not taxable in this State when the owners are non-residents.

*Appeal from Scott District Court.*

TUESDAY, DECEMBER 31.

THE agreed statement of facts is embodied in the opinion of the court.

*James Grant* and *James T. Lane* for the appellant.

I. The State of Iowa and the City of Davenport have the power to tax a mortgage on property situated in, and pro-

tected by their laws, when the owner of the property is a non-resident.    Acts of 1858, p. 305, §§ 2 and 3 ; Charter of the City of Davenport, Art. 1, § 1, p. 127 ; Rev. Ord. Feb. 1851, Art. 5.    *The People* v. *Mayor of Brooklyn,* 4 Cow. 419 ; *Barlow* v. *The City of Charleston,* 1 Nott & McCord, 527 ; *The People* v. *The Mayor of Brooklyn,* 2 Barb. 215 ; *The Bank of The U. S.* v. *McKenzie,* 2 Brock. 393 ; *Cromwell* v. *The Insurance Company,* 2 Rich. S. C. 512; *Rail road Company* v. *Letson,* 2 How. 497 ; *Edmundson* v. *The Union Bank,* 1 Flo. 136 ; *Taylor* v. *The Gas Company,* 26 Eng. L. & E. 460 ; *N. Y. & Erie R. R. Co.* v. *Shepard,* 5 McLean 455 ; *Lafayette Ins. Co.* v. *French et al.* 18 How. 404 ; *The Bank of the U. S.* v. *The State of Mississippi,* 12 Smedes & Marsh. 456 ; *Indianapolis* v. *McLean,* 8 Ind. 328 ; *The State* v. *Newark,* 2 Dutcher 519 ; *Copp* v. *Town of Norwich,* 24 Conn. 31 ; *Stien* v. *The Mayor of Mobile,* 24 Ala. 591 ; *Middle Bridge Company* v. *Marks,* 26 Maine (13 Shep.) 326 ; *Farnum* v. *The Blackstone Canal,* 1 Sumner 47 ; *The People* v. *Rhodes,* 15 Ill. 304 ; *Milburn et al.* v. *Hays,* 2 Calf. 590 ; Story Confl. Laws § 388 ; *Douglas* v. *The Mayor of N. Y.,* 2 Duer. 110 ; *Dunlap* v. *The County of Gallatin,* 15 Ill. 7 ; *Stalk* v. *Falkenbridge,* 3 Green (N. J.) 320 ; *Eastern Bridge* v. *The County,* 9 Pa. S. R. (Barr) 415; *Cornish Bridge* v. *Richardson,* 8 N. H. 270 ; *Bank of U. S. of Pa.* v. *The State of Mississippi,* 12 Smede & Marsh. 457 ; *Providence Bank* v. *Billings,* 4 Porter 563 ; *Canal Company* v. *The Commonwealth,* 7 B. Monr. 160 ; *Battle* v. *The Mayor Mobile,* 9 Ala. 234 ; *Jackson* v. *The State,* 15 Ohio 652.

*Cook & Drury* for the appellee.

I. The property of a railroad company, being taxable through its shares or stock, it can be taxed in no other way. Code of 1851, § 462 ; *Bangor & The Piscataqua R. R. Co.* v. *Harris,* 1 Am. Rail. C. 131.

II. Having been once taxed in the manner designated by the legislature, that is, as stock, the property can not be again taxed against the company, as mortgagor thereof. The property of the company has been listed as stock, and is so regarded by the legislature.

III. The holders of the mortgages are non-residents of the State, and their personal property is not taxable here. Code of 1851, § 456; Black. Tax Titles 8; *Providence Bank* v. *Billings*, 4 Pet. 562; *Brewster* v. *Hough*, 10 N. H. 138; *Mack* v. *Jones*, 1 Foster 393; *McCollough* v. *The State of Maryland*, 4 Wheat. 425; 1 Revised Statutes of New York, (4th ed.) 714, § 3; *Holton* v. *Bangor*, 10 Shep. (Me.) 264; *The State* v. *Ross*, 3 Zabr. 517; Ang. & Ames Corp. §§ 458, 438.

BALDWIN, J.—This cause was submitted to the District Court upon an agreed statement of facts, which are substantially as follows:

I. That one defendant was an incorporation duly authorized by the laws of this State, with the eastern terminus of its road, and its chief place of business at Davenport, in Scott county, in Iowa, and in Iowa its proposed western terminus.

II. That on the first day of July, 1855, the said company made a deed of trust or mortgage to one E. H. Denham, to secure its bonds to the amount of one million of dollars on its land, track, depot grounds and rolling stock, located within this State.

III. That on the 1st of July, 1856, the said defendant made a second mortgage to said Denham, to secure its bonds to the amount $400,000, on its property within said city and county.

IV. That the Rail Road Bridge Company, is an incorporation created by the laws of Illinois, as appears from its charter, a copy of which is attached, &c.

V. It is admitted that the Rail Road Bridge Company, The Chicago & Rock Island Railway Company, and the defendants, or some of them, have built a bridge across the Mississippi River; and that the western terminus is in the City of Davenport, under certain agreements, copies of which are exhibited.

VI. That the Chicago & Rock Island Railroad Company, and the Bridge Company are foreign corporations, and that no part of the first named company's property is in this State, except that one half of the main bridge belonging to the second named company, is in this State, and in the City of Davenport.

VII. It is admitted that the said companies, on the 11th day of June, 1856, made to A. C. Flagg, Trustee, a deed of trust or mortgage, of said bridge to secure the payment of $400,000, in bonds of $100,000 each, payable to W. B. Ogden or bearer, which was duly recorded in Scott county.

VIII. That on the 11th day of April, 1860, said three companies made a second mortgage of said bridge to E. W. Denham, to secure $200,000 in bonds payable to W. B. Ogden, duly recorded, &c.

IX. It is admitted that in the year 1859, neither of the mortgagees in any of the said mortgages, nor the assessor of the City of Davenport, nor the proper township officer of Scott county taxed, or assessed, any of said mortgages for taxes in the City of Davenport, or the county of Scott; and all of said mortgages, except the last for $200,000, were placed in the assessment rolls for the year 1859, by the marshal of the City of Davenport, and the Board of Equalization for Scott county, with a full description of said mortgages and assessments thereof, to the mortgagors, and the same were valued at their par value for taxes in said city and county.

The City of Davenport et al. v. The M. and M. R. R. Company.

X. It is admitted that the resident stock of the Mississippi & Missouri River Railroad Company, was in the year 1859, listed and assessed by the plaintiff, and that some of the resident stock-holders had paid their taxes on the same. In 1859, no application was made to the secretary by the assessors; and no tax was made to the non-resident stock-holders by the assessors, but this application was made and the stock assessed by the city marshal and Board of Equalization for the year 1859. The non-resident stock holders were furnished by the secretary and assessed by the assessor of the county, in the year 1858, but the tax is not paid.

XI. It is admitted that the mortgagees of the Mississippi & Missouri Railroad Company and the present holders and owners of the same are non-residents of the State of Iowa.

XII. It is admitted that all of the said mortgages, in the year 1860, not being listed by the mortgagees, were assessed by the assessors of said city and of the proper township in said county to the mortgagees for taxes, at their par value. But the right to do so is not admitted.

The City of Davenport and The County of Scott claim of the Mississippi & Missouri Railroad Company, as against the mortgagor, the mortgagee not having listed the same for taxation.

The following questions were submitted to the District Court upon the foregoing agreed statement, viz:

I. Under the laws in force at the time the taxes of 1859 and 1860 were assessed, in relation to taxing mortgages, had the City of Davenport and The County of Scott the right to levy a tax on the mortgages?

II. Can the City of Davenport and the county of Scott levy a tax on mortgages held and owned by non-residents of the State?

III. Under the laws in force in Iowa in 1858, 1859 and 1860, is the property of Railroad corporations, or property which they have mortgaged, taxable in any other way than through the shares of its stock holders?

IV. Can the Mississippi & Missouri Railroad Company be taxed by the City of Davenport and The County of Scott on the said mortgages, they being mortgagors?

These issues were each decided adversely to the plaintiffs by the court below, and from this ruling they appeal.

The second proposition is general in its character, and an affirmation or negative answer thereto might be given without deciding the issue between the parties to this cause.

The third proposition has been determined negatively by this court. *Faxton* v. *McCosh ante.* The first and fourth propositions are substantially the same, and as we understand the record, the issue is simply this: Can the county of Scott and the City of Davenport levy and collect a tax from the defendant on mortgages given by them on their depot grounds, road and rolling stock situated in Iowa, when the holders and owners of the mortgages are and always have been non-residents of the State.

Our constitution provides that the property of all corporations for pecuniary profit shall be subject to taxation the same as that of individuals. See § 2, art. 8.

Chapter 152 of the Acts 1858 contains all the law in force at the time the levy was made on the property of defendants, that bears upon this question. It is there provided that all the property within the State, whether real or personal, with certain exceptions, is the subject of taxation. Mortgages and other like securities are specified as property taxable. See § 3. Property under mortgage or lease is to be listed by and taxed to the mortgagor or lessor, unless it be listed by the mortgagee or lessee. See § 4. The property of corporations or companies constructing

canals, railroads, &c., shall be taxed through the shares of the stock holders, and when such stock holders are non-residents their interests are to be ascertained from the secretary of such company, &c. It will be observed that under these constitutional and legislative provisions, all persons and property within the jurisdiction of the State is subject to taxation. This burden, however, is to be borne equally by all; the property of one is liable to the same extent as that of another; of corporations like that of individuals.

Mortgages and other like securities are taxable, but property under mortgage is taxed to the mortgagor and is not to be taxed to the mortgagee. If taxable to both, the same property would bear a double proportion of this burden, which would be unjust and inequitable.

Under the agreed statement of facts, it is conceded that the property of defendants mortgaged to certain non-residents had been duly listed and assessed through the shares of the stock holders, and a portion of the taxes paid, and for that portion not paid, there is a provision by law for its collection. Unless there is some express provision of the statute authorizing the assessment of the tax upon these mortgages, as against the mortgagees, the defendants are not liable. There is an express provision of the statute providing for the listing and assessment of property under lease or mortgage, as against the mortgagor in cases where it is not listed by the mortgagee. A mortgage upon property is a security or interest that can be assessed only as against the owner thereof—at least there is no statutory provision for its being assessed as against the mortgagor.

The court below in deciding this cause, properly remarked, " that it is a familiar and fundamental principle in the laws of taxation, that no property can lawfully be taxed

until the legislature authorizes and requires it to be done ; and when the act requires it to be done in a particular way, that way alone can be pursued."

The counsel for appellant assumes to controvert this position, by saying that the court should have added, " that the act of 1851, § 3, provides " that all property which is not therein exempted is subject to taxation," in the manner therein directed, and that exemptions from taxation are always construed strictly."

We will grant for the sake of the argument, that the mortgages in controversy are a proper subject of taxation as property within the State, yet can this tax be levied as against the mortgagors. The proposition is, under the agreed statement of facts, can the Mississippi & Missouri Railroad Company be taxed by the plaintiff on said mortgages, they being the mortgagors ?

The taxes, as we understand from the agreement, were assessed upon these mortgages by the plaintiffs as against the defendants, and the marshal and the treasurer of the county were about to collect the same from defendants. This proceeding is to determine the legality of the assessment and the right of the officers to collect the same from defendants. Section 11 of the act above referred to provides that all property shall be listed and assessed in the name of the owners, &c. What property have these defendants in the mortgages given ? What interest have they, that could be levied upon and sold or transferred ? It is the value of the thing to the owner that the taxing power aims to reach, not that which is invisible or intangible.

The counsel in their argument say that it is not the defendants that they seek to tax, but it is the thing in their possession. If the mortgages are property in the possession of the defendants, the tax, under the section referred to, should be assessed in the name of the owner of the "thing"

made subject to the taxation. We can not concede, however, that it was the intention of the legislature to tax mortgages when owned by non-residents of the State. Section 3 of said act provides, that all other property real and personal *within this State* is subject to taxation, &c., and mortgages and other security are within the classes of property named. Is a mortgage owned by a non-resident property within this State, within the meaning of this section? A mortgage, so long as the right of redemption continues, is real estate. Both in law and equity the mortgagee has only a chattel interest. See Williard on Mortgages, vol. 1, page 163. It is true that the *situs* of the property mortgaged is within the jurisdiction of the State, but the mortgage itself being personal property, a chose in action, attaches to the person of the owner. See Story Confl. of Laws, § 379. It is agreed by the parties that the owners and holders of the mortgages are non-residents of the State. If so, and the property in the mortgage attaches to the person of the owner, it follows, that these mortgages are not property within the State, and if not, they are not the subject of taxation.

In Angell & Ames on Corporations, § 458, it is said: " The general rule appears clearly to be, that in regard to public taxes, every person is liable to be assessed for his personal property in the State of which he is an inhabitant; and stock owned in incorporated banks, &c., by non-resident holders thereof, is not subject to the taxing power of the State. Indeed, the stock is not a thing in itself capable of being taxed on account of its locality; and any tax imposed upon it must be in the nature of a tax upon income, and of necessity confined to the person of the owner, who, if he be a non-resident, is beyond the jurisdiction of the State and not subject to its laws."

In the case of *The State* (James Potter, prosecutor,) v.

*Robert Ross, Collector, &c.,* 3 Zabr. 317, in which the prosecutor who was a citizen of Georgia, was residing temporarily in the State of New Jersey, and was the owner of a large amount of bonds of the Camden and Amboy Railroad, which he had with his person. The defendant as collector had levied a tax upon the prosecutor, under a law which enacted that all personal property within the State should be liable to taxation, and specified debts due from solvent debtors within or without the State.

The Chief Justice in his opinion, held that the law applied exclusively to the inhabitants of the State of New Jersey, and his reasoning in support of this opinion is substantially as follows:

1. Because every law must be presumed to primarily apply, when not otherwise clearly expressed, to the citizens of that State or the subjects of that government by which the law is enacted, and not to the citizens of other States or subjects of other governments.

2. Because to hold otherwise, would necessarily impose the burden of double taxation. "It can not be presumed," says the Chief Justice, "in the absence of clear and explicit enactment that the legislature designed to weaken the bonds of the Union by discouraging commercial intercourse between the citizens of our own and our sister States. The fair and reasonable presumption is, that they designed to adopt a general principle just and beneficial in its operation, viz: To make all property in action taxable at the domicil of its owner, and to apply the same principle to the citizens of our own and all the other States. Here it may be objected that this construction leaves the property of inhabitants of other States to the protection of our laws without being amenable to taxation. (And this is the argument of appellant.) "The obvious answer is, that the property of our own citizens, in like circumstances, enjoys the same protec-

tion in other States, without being liable to taxation there. In both cases the taxes are paid at the domicil of the owner, and the principle, being universally adopted and applied, is just and uniform in its operation.'"

The cases cited by counsel do not tend to controvert the positions we have assumed in this case. When personal property is used by the owner within this State, it is the proper subject of taxation; as for instance, a stock of goods owned by a citizen of the State of Illinois, but being offered for sale within the limits of this State, or a steamboat owned by a non-resident used upon the river within the State, such property is the legitimate subject of taxation. The owner in such cases has given to such property a *situs*, and it does not attach to the domicil of the owner, but is within the jurisdiction of the State.

The Judgment is affirmed.

