*THE MAYOR AND CITY COUNCIL OF BALTI-  **48**
MORE *v.* ARCHIBALD STIRLING and John
Ridgely, Trustees of the Estate of Nicholas
G. Ridgely, Deceased.

*Decided June 9th, 1868.*

Trust property ; taxation ; residence of trustee.

Where property held in trust by trustees, who reside,—one in Baltimore City, and the other in Baltimore County, is taxable, the same should be taxed, in equal proportions as of the place of residence of each trustee. (*a*)                     pp. 49, 50

---

(*a*) Approved in *Appeal Tax Court v. Gill*, 50 Md. 396. See cases cited to *Latrobe v. Baltimore*, 19 Md. 13.

Appeal from the Superior Court of Baltimore City :

This suit was docketed by consent, in the Superior Court of Baltimore City, by the appellant against the appellees, to recover the sum of $1101.91, alleged to be due the former, by the latter, as trustees, for city taxes for the years 1863, 1864 and 1865, on certain bonds of the Baltimore and Ohio Railroad Company, and of the State of Maryland.    The property on which these taxes were claimed, was in the years aforesaid, held by the appellees as trustees of the estate of Nicholas G. Ridgely, deceased, by appointment of Baltimore County Court, as a Court of Equity, for the benefit of Mrs. Eliza E. Ridgely, daughter of the testator and wife of the trustee, John Ridgely, she being entitled to the clear rents and profits of said estate during her life.    The trustee, Ridgely, resided in Baltimore County, and the other trustee, Stirling, was a resident of Baltimore City.    This suit was instituted to determine whether the taxes in question were payable to the appellant or to the commissioners of Baltimore County, both claiming them.

A *pro forma* judgment was entered by agreement for the defendants, and the plaintiff appealed.

The cause was submitted to Bartol, C. J., Stewart, Brent, Miller and Robinson, JJ.

**49**    *Wm. Henry Norris,* for the appellant,
Referred to the following authorities :    *Latrobe v. Baltimore,* 19 Md. 13; *State v. Matthews,* 10 Ohio, N. S. 431; *Hurdy v. Yarmouth,* 6 Allen, 277.

*Archibald Stirling, Jr.,* for the appellees,
Cited the same authorities, and contended that under the decision of *Latrobe v. Baltimore,* 19 Md. 13, as one of the trustees resided in Baltimore City and the other in Baltimore County, the City of Baltimore could only claim taxes on the one-half of the property assessed.    And the true construction of the revenue laws of the State required that in a case like this, where the whole income is paid to a beneficiary, the residence of that beneficiary should decide the *situs* for taxation, and the decision in *Latrobe v. Baltimore,* ought not to be followed.

Brent, J., delivered the opinion of the court :

This court in *Latrobe v. Baltimore,* 19 Md. 13, having settled the doctrine, that the residence of the trustee, and not that of the *cestui que trust,* decides the *situs* for taxation upon property of the description mentioned in the record, the only question presented by this appeal arises from the fact, that in this case, there are two trustees, one of whom resides in Baltimore City, and the other in Baltimore County.

The tax laws of the State do not expressly provide for such a case, and our decision must be made to rest upon what we regard to be equity and right. The property is certainly not liable to a double tax. If the whole of it were taxable in Baltimore City, under the authority of *Latrobe v. Baltimore, supra,* it would, under the same authority, be also taxable in Baltimore County. This cannot be. We think it should be taxed, one-half as of the place of residence of each trustee,—that is, one-half should be taxed to the trustee residing \*in Baltimore **50** City, and the other half to the trustee residing in Baltimore County. We are sustained in this view by *State v. Matthews,* 10 Ohio, N. S. 437, and *Hardy v. Yarmouth,* 6 Allen, 285. The judgment below will accordingly be reversed.

*Judgment reversed and procedendo awarded.*