37  597
e109  75

PEARCE, WHELESS & Co., plaintiffs in error, *vs.* THE CITY COUNCIL OF AUGUSTA, defendant in error.

When the City Council of Augusta, by an Ordinance passed on the 31st day of March, 1867, levied and assessed a tax on the gross sales of cotton of twenty-five cents on every hundred dollars: on every hundred dollars of commission received by Commission Merchants and Cotton Factors, three dollars; on every hundred dollars of the gross amount of all sales of goods, wares, and merchandize, and produce, (except cotton,) and receipts for storage, one dollar:

*Held*, that the City Council, under this charter, had the power and authority to enact said ordinance, and to assess and collect said tax.

Equity. Injunction. Decided by Judge GIBSON, Chambers, Richmond county, November, 1867.

The City Council of Augusta passed an ordinance laying and assessing, among other taxes, the following: that is to say; on the gross sales of cotton, a tax of twenty-five cents on every hundred dollars, payable quarterly, on the first day of July, October, January and April, each year; on every hundred dollars of commissions received by Commission Merchants and Cotton Factors, three dollars, payable in like manner and times; on every hundred dollars of gross amount of all sales of goods, wares, merchandize, and produce (except cotton) and receipts for storage, a tax of one dollar, payable in like manner and times. They further provided, that these taxes should be collected against defaulters, by execution against their property or person, and by fine, not more than $20, for each day's default.

PEARCE, WHELESS & Co., did a factorage, commission and ware-house business, in Augusta, and stored and sold for commissions, large quantities of cotton and other produce in said city, before and continuously since the passage of said ordinance. As such, they were alleged to be liable to such taxes, and the City Council of Augusta, were proceeding to collect the same from them, (by what means, does not appear.)

Being advised that this tax, as applicable to them, was levied without any competent authority in the said City Coun-

cil, they filed a bill, praying for an injunction against any further proceeding to collect the same. Whether this injunction should issue was argued, solely upon the question of the authority of the said City Council, to levy the tax on the sales and commissions of factors and commission merchants, before Judge Gibson, who refused the injunction. This refusal is assigned as error.

JOHN T. SHEWMAKE, for plaintiff in error.

HOOK & CARR, F. H. MILLER, for defendants in error.

WARNER, C. J.

The question made by the record in this case is, whether PEARCE, WHELESS & Co., who are engaged in the city of Augusta, doing a factorage, commission, and ware-house business, are legally liable to pay the tax assessed by an ordinance of the City Council of Augusta, passed on the 31st day of March, 1867. The Ordinance of the City Council, imposes a tax on the gross sales of cotton of twenty-five cents on every hundred dollars; on every hundred dollars of commissions received by commission merchants and cotton factors, three dollars; on every hundred dollars of the gross amount of all sales of goods, wares, merchandize, and produce (except cotton) and receipts for storage, a tax of one dollar, payable quarterly.

By the Act of the General Assembly, passed in 1798, the City Council of Augusta, are vested " with full power, and authority, to make such assessments on the inhabitants of Augusta, or those who hold *taxable property* within the same, for the safety, benefit, convenience, and advantage of the said city, as shall appear to them *expedient.*" Are the specific objects of taxation embraced in the Ordinance, *taxable property*, as recognized by the laws of this State? The Act of 9th of January, 1852, declaring what shall be *taxable* property in this State, enumerates under the head of " personal property " amongst other things, " all chattels, moneys, goods, wares, and merchandize, capital invested in shipping

or tonnage, or *capital otherwise invested.*" See Acts, 1851–2, page 288. " Chattels *property*, is a term which includes *all kinds of property*, except the freehold or things which are parcel of it. It is a more extensive term than goods, or effects." 1st Bouvier's Law Dictionary, 257. " Capital in commerce, as applied to individuals, is those objects, whether consisting of money, or other property, which a merchant, trader, or other person, adventures in an undertaking." 1st Bouvier's, 233. " By the term merchandize, is understood all those things which merchants sell, either by wholesale, or retail, as dry goods, hardware, groceries, drugs &c. 2nd Bouvier's, 142. The Act of 24th December, 1835, declares, " that the City Council of Augusta, shall have full power and authority to assess and tax property of every kind and description, situated, used, or operated upon in said city, that may be owned by individuals, or corporations, residing or located out of the said city." According to the express provisions of this Act, it is confined to property which may be owned by individuals, or corporations, residing, or located *out of the city.* Still, we can hardly suppose, that it was the intention of the Legislature, to tax the property of non-residents of the city, in a *different* manner from that of those who resided in the city. The taxable personal property of the citizen, as defined by the Act of 1852, includes all chattels, moneys, goods, wares, and merchandize, as well as capital invested in shipping or tonnage, or *capital otherwise invested.* These terms, defining what shall be considered as proper objects of taxation, are, in our judgment, sufficiently comprehensive, to embrace the subject matter of taxation contained in the Ordinance of the City Council, set forth in the record. As to the general power, and authority of the City Council of Augusta, to assess a tax on the inhabitants thereof, see Frederick, *vs.* The City Council of Augusta, 5th Georgia Reports, 561. Let the judgment of the Court below be affirmed.