The Board of County Commissioners of Arapahoe County v. Cutter.

1. A promissory note due from a resident of Colorado to a resident of California is in no legitimate sense the property of the debtor, and is not subject to taxation under the laws of Colorado (Sess. Laws, 1870, p. 88), although the note is secured by trust deed upon real estate within the jurisdiction of the taxing power.

2. When taxes are paid under protest, no demand is necessary before bringing suit to recover back the money so paid. The protest by the tax payer is of itself sufficient notice to the treasurer that he regarded the tax as illegal, and that he would enforce his rights if need be by an appropriate proceeding.

*Appeal from District Court of Arapahoe County.*

This was an action in assumpsit for money had and received, etc., by Cutter against the Board of Commissioners of Arapahoe county, to recover certain taxes paid by him under protest. The plaintiff had judgment below, and the Board of Commissioners appealed to this court.

Mr. W. B. Mills, for appellant.

Messrs. Browne & Putnam, for appellee.

Thatcher, C. J. It is enacted by section three of "an act to provide for the assessment of and collection of reve-

nue" (Session Laws, 1870, page 88), "that all property, both real and personal, *within the Territory*, not expressly exempt by law, shall be subject to taxation." By section eleven of the same act it is provided that all personal property shall be listed in the county where it shall be on the 1st day of May of the then current year. The plaintiff in the court below, residing in California, May the 1st, 1874, held promissory notes executed by different parties in Arapahoe county, and generally secured by trust deeds upon real estate situate in that county. These notes were assessed as the property of Mr. Cutter, and the taxes thereon were paid by him to the treasurer of Arapahoe county, under protest. Were these *choses* in action, owned by a non-resident, subject to taxation under the laws of Colorado? Were they personal property within the Territory within the meaning of the Revenue Act?

Personal property which has a *locus* here is without doubt subject to taxation under our revenue laws, which, while they, in general, can have no extra-territorial force, may reach all property within the State without reference to the residence of the owner. A herd of cattle, a flock of sheep, a stock of merchandise owned by a non-resident, but kept within the State, are proper subjects of taxation. But debts due from a resident of Colorado to a resident of California are in no legitimate sense the property of the debtor. They belong to the creditor. They have no *situs* apart from the residence of their owner. Although the *situs* of the real estate by which the notes were secured was within the jurisdiction of the taxing power, the debts evidenced by the notes were the principal things, and the trust deeds securing them were mere incidents, depending for their very existence upon what they secured. The liquidation of the debts would at once cancel the trust deeds. A trust deed itself is but a *chose* in action attached to the person of its owner. A debt is invisible and intangible, following the creditor's domicile, and wherever that may be, is within reach of the taxing power. But as the domicile of the owner of the *choses* in action

upon which taxes were paid, was in California, it cannot be said that they constituted property *within* the late Territory of Colorado, and were, therefore, the subject of taxation here.   *Railroad Company* v. *Pennsylvania*, 15 Wall. 300 ; *City of Davenport* v. *The Mississippi and Missouri R. R. Co.*, 12 Iowa, 539 ; *City Council of Augusta* v. *Dunbar*, 50 Ga. 393 ; *The People* v. *Eastman*, 25 Cal. 601 ; *Hayne* v. *Deliesseline*, 3 McCord, 373 ; *Johnson* v. *The City of Lexington*, 14 B. Mon. 521.

As the taxes were paid under protest no demand was necessary before bringing suit.   The object of a demand is to give the party on whom it is made an opportunity to refund, without the expense incident to litigation, the taxes that had been illegally exacted.   But where the taxes are paid under protest to the treasurer, who is armed by the law with authority to coerce payment, no further demand is required.   Payment under such circumstances cannot be considered voluntary.   The protest by the tax payer is of itself a notice to the treasurer that he regards the tax as illegal, and that he intends, if need be, to enforce his right by an appropriate proceeding.

The judgment of the court below must be affirmed with costs.

*Affirmed.*