## DALLINGER *v.* RAPELLO.

*(Circuit Court, D. Massachusetts.   October 18, 1882.)*

TAXATION—PERSONAL PROPERTY OF NON-RESIDENTS—EXECUTOR—MASS. GEN. ST. *c.* 12, § 20.

Personal property of a deceased inhabitant of Massachusetts is not taxable under Gen. St. *c.* 12, § 20, after the appointment of an executor and before distribution, when the property is not within the commonwealth, and neither the executor, nor any person having an interest in or right to receive the property, has a domicile or residence there.

Action of contract, brought in the superior court for the county of Middlesex and commonwealth of Massachusetts, under Gen. St. *c.* 12, § 20, by the collector of taxes of the city of Cambridge, against the executor of the will of Francis Sumner, to recover taxes assessed upon the defendant by the assessors of that city.   The declaration alleged that Sumner, who last dwelt in Cambridge, died in February, 1878, leaving a large taxable estate in personal property, and a will, which was duly admitted to probate in the county of Middlesex, and the defendant there appointed executor, in February, 1879; that the defendant proceeded to act as such executor, and had never given notice to the assessors of Cambridge that the estate had been distributed and paid to the parties interested therein; that the taxes sought to be recovered were assessed upon the defendant, as such executor, on the first days of May in 1879, 1880, and 1881, respectively; that in August of each year a warrant for their collection was duly committed by the assessors to the plaintiff, and he demanded payment of the defendant, but the defendant wholly refused to pay the taxes or any part thereof; whereby the defendant owed the plaintiff the amount of the taxes.   The defendant, having removed the case into this court, demurred to the declaration, because it set forth no legal cause of action substantially in accordance with the rules contained in the practice act of Massachusetts, and because it did not allege that the defendant, at the times of the assessments of the taxes upon him, was an inhabitant of Massachusetts, or of any city or town therein.

*L. S. Dabney,* for defendant.

*J. W. Hammond,* for plaintiff.

Before GRAY and LOWELL, JJ.

GRAY, Justice.   The declaration does not allege that the testator left, or that his executor holds, any personal property situated within the commonwealth of Massachusetts, or taxable therein, or that the

executor, or any legatee, distributee, or creditor is an inhabitant thereof. The allegation that the taxes were "duly assessed" shows only that they were assessed in proper form. And the final allegation, that the defendant owes the plaintiff the amount of the taxes, is a mere conclusion of law, which is not admitted by the demurrer. The taxes sued for are not of the nature of legacy or succession taxes, as in the cases of *Mager* v. *Grima,* 8 How. 490, and of *U. S.* v. *Hunnewell,* decided by this court at the present term.[1] But they are annual taxes, assessed under the general tax acts of Massachusetts. The case, therefore, directly presents the question whether personal property of a deceased inhabitant of Massachusetts is taxable, under those acts, after the appointment of an executor, and before distribution, when the property is not within the commonwealth, and neither the executor, nor any person having an interest in or right to receive the property, has a domicile or residence here. This question does not appear to have been decided by the supreme judicial court of Massachusetts. But the rules established by the constitution and the statutes of the commonwealth, as expounded by that court, afford satisfactory guides for its determination.

The power conferred by the constitution upon the legislature is "to impose and levy proportional and reasonable assessments, rates, and taxes upon all the inhabitants of, and persons resident and estates lying within, the said commonwealth. Const. Mass. *c.* 1, § 1, art. 4. And no case has been brought to our notice in which personal property, not itself within the state, and the present owners of which do not reside within the state, has been held to be taxable here. The right to tax is created and limited by the constitution, and by the acts passed by the legislature pursuant to the authority thereby conferred; and such acts are not to be extended by doubtful interpretation, but are to be restricted to cases coming clearly within their language and their intent. *Sewall* v. *Jones,* 9 Pick. 412, 414; *Green* v. *Holway,* 101 Mass. 243, 248. When the owner of the legal title in personal property resides out of the state, express and unequivocal words are needed to subject the property, even if itself situated or used here, to the provisions of the general tax acts. *Flanders* v. *Cross,* 10 Cush. 514; *Dorr* v. *Boston,* 6 Gray, 131; *Leonard* v. *New Bedford,* 16 Gray, 292.

By Gen. St. *c.* 11, § 12, it is enacted that "all personal estate, within or without the state, shall be assessed to the owner in the city or town where he is an inhabitant on the first day of May, except as

[1] 13 Fed. 617.

follows."` The first and third clauses of this section, providing for
the taxation of stock in trade in the place in which it is employed,
and of horses and cattle in the place in which they are kept, other
than where the owners reside, carefully adds the words "whether such
·owners reside within or without this state." The second clause of the
same section, which contains no such words, but which directs "all
machinery employed in any branch of manufactures, and belonging
to a person or corporation," to be assessed where it is situated or
employed, and the value of such machinery owned by corporations to
be deducted from the value of the shares, before assessing a tax on
these to the stockholders, has been adjudged to have no application
to a corporation established in another state. *Blackstone Manuf'g Co.*
v. *Blackstone,* 13 Gray, 488; *Dwight* v. *Boston,* 12 Allen, 316. In the
case of personal property of persons under guardianship, provision is
made by the fourth clause for taxing it at the home of the ward, and
if that is without the state, then to the guardian at his own home,—
clearly implying that when both reside abroad the property is not tax-
able in this state, even if situated here. So, by the fifth clause, per-·
sonal property held in trust by an executor, administrator, or trustee,
the income of which is payable to another person, can only be taxed
at the residence of the trustee or at the residence of the *cestui que
trust;* if both reside within the state, to the trustee at the residence
of the *cestui que trust;* if only one of them resides within the state, to
that one in the place where he resides. See, also, *Hardy* v. *Yarmouth,*
6 Allen, 277.

The seventh clause of Gen. St. *c.* 11, § 12, provides as follows:

"The personal estate of deceased persons shall be assessed in the place
where the deceased last dwelt. After the appointment of an executor or ad-
ministrator, it shall be assessed to such executor or administrator until he
gives notice to the assessors that the estate has been distributed and paid over
to the parties interested therein. Before such appointment, it shall be assessed
in general terms to the estate of the deceased."

And by the further provisions of this clause, and of section 20 of
chapter 12, (under which this action is brought,) the executor or
administrator is liable, in an action of contract, as well for the taxes
so assessed before his appointment, as for those assessed upon him
afterwards. By the statute of 1878, *c.* 189, § 2, personal property
held by an executor or administrator is taxable according to the pro-
visions of Gen. St. *c.* 11, § 12, cl. 7, for the space of three years after
his appointment, unless it has been distributed, and notice of its dis-
tribution has been given to the assessors, "stating the names, resi-

dence, and the amount paid to the several parties interested in the estate who are residents of the commonwealth;" and after the three years the property, whether it has been distributed or not, is to be assessed according to the provisions of Gen. St. *c.* 11, § 12, cl. 5.

It is argued by the learned counsel for the plaintiff that until the property is distributed, or until three years after the appointment of the executor have elapsed, the property is to be treated as situated in the place in which its late owner resided, and in which the executor is required by law to account for it. But upon deliberate consideration of the seventh clause of chapter 11, § 12, of the General Statutes, in connection with the other provisions of the same chapter, we are unable to find any evidence that the legislature, in framing this clause, contemplated a case in which the property is itself out of the state, and is held by an executor or administrator residing out of the state. The provision, first introduced in those statutes, permitting the tax, before the appointment of an executor or administrator, to be assessed generally to the estate of the deceased where he last dwelt, appears to have been intended to prevent the personal property from escaping taxation altogether before such appointment, and not to extend the liability of the executor or administrator for taxes assessed after his appointment. See *Cook* v. *Leland,* 5 Pick. 236; *Wood* v. *Torrey,* 97 Mass. 321. And it is so contrary to the policy of the commonwealth, as declared by its constitution, and by the decisions of its highest court, to impose a tax on personal property which has an owner, and which is not itself situated or used within the state, and in which no person residing here has either legal title or beneficial interest, that we cannot infer an intention to do so without more explicit words in the tax act. This view being decisive of the case, it is unnecessary to consider the graver question, argued at the bar, whether it is within the constitutional power of the legislature to impose an annual tax under such circumstances.

Demurrer sustained.

---

TAXATION OF NON-RESIDENTS. Unless restrained by provisions of the federal constitution, the power of the state as to the mode, form, and extent of taxation is unlimited, where the subjects to which it applies are within its jurisdiction.(*a*)   The power of the state as to the mode, form, and extent of taxation is unlimited where the subjects of taxation are within its jurisdiction.(*b*)   While revenue laws have no extraterritorial force, they may reach

(*a*) State Tax on Foreign Held Bonds, 15 Wall. 300.

(*b*) State Tax on Foreign Held Bonds, 15 Wall. 319; Oliver v. Washington Mills, 11 Allen, 265.

all property within the state, without reference to the residence of the owner.(c) The state may provide for the taxation of the personal property of a non-resident situated within its jurisdiction.(d) An alien may be taxed as well as a citizen.(e) The right to tax a person results from the protection afforded to himself, his business, or his property.(f) Personal property of a non-resident, which has a *locus* within the state, is taxable.(g) A statute taxing "all personal property," means all personal property within the state, irrespective of ownership,(h) as a herd of cattle, a flock of sheep, or a stock of goods.(i) The real estate of a non-resident is taxable where it is located.(j) Personalty owned by a non-resident is taxable where he resides.(k) A personal tax cannot be assessed against a non-resident.(l) Non-residents may be taxed on property where situated, and on business where carried on.(m) A statute which provides that non-residents "doing business" in the state shall be taxed on sums invested "in business," does not apply to a manufactured article sent for sale by the agent.(n) The business of a non-resident carried on within the state may be taxed.(o) A private banker, for the purposes of taxation, is to be regarded as resident where the bank is located.(p) Members of a partnership are severally taxable where they reside.(q)

SITUS OF PERSONAL PROPERTY. Debts due to a non-resident are not property of the debtor, and have no *situs* but the residence of the owner.(r) A person cannot be assessed on capital invested in another state, or on chattels upon land in another state.(s) So the personal property of a non-resident is not taxable at his temporary summer residence within the state.(t) Stocks of a foreign corporation follow the *situs* of the owner.(u) Shares of stock in corporations may be taxed at the place where the business is carried on.(v) Steam-boats which ply between different points on a navigable river may, under a state statute, be taxed as personal property where the company own-

(c) Arapahoe Co. v. Cutter, 3 Colo. 350.

(d) Green v. Van Buskirk, 7 Wall. 150; People v. Ins Co. 29 Cal. 533; Mills v. Thornton, 26 Ill. 200; Rieman v. Shepard, 27 Ind. 288; State v. Falkenburg, 15 N. J. 320; Howell v. State, 3 Gill, 14; Blackstone Manuf'g Co. v. Blackstone, 13 Gray, 488; Leonard v. New Bedford, 16 Gray, 292; Hartland v. Church, 47 Me. 169; Desmond v. Machias, 48 Me. 478; St. Louis v. Ferry Co. 40 Me. 580; Hoyt v. Com'rs, 23 N. Y. 224; People v. Ogdensburg, 48 N. Y. 390; Wilson v. New York, 4 E. D. Smith, 675; Hood's Estate, 21 Pa. St. 114; Maltby v. Reading R. Co. 52 Pa. St. 140; Steere v. Walling, 7 R. I. 317; Catlin v. Hull, 21 Vt. 152.

(e) Witherspoon v. Duncan, 4 Wall. 210.

(f) De Pauw v. New Albany, 22 Ind. 204; Bank of U. S. v. State, 12 Smedes & M. 456; Eggleston v. Charleston, 1 Const. S. C. 45.

(g) Arapahoe Co. v. Cutter, 3 Colo. 350; Catlin v. Hull, 21 Vt. 152; Daer v. Small, 17 How. Pr. 201.

(h) McCutchen v. Rice Co. 2 McCrary, 337; Ogilvie v. Crawford Co. 2 McCrary, 148.

(i) Arapahoe Co. v. Cutter, 3 Colo. 350.

(j) Witherspoon v. Duncan, 4 Wall. 210; Jones v. Columbus, 25 Ga. 610; Turner v. Burlington, 16 Mass. 208.

(k) Com. v. Hays, 8 B. Mon. 2.

(l) Herriman v. Stowers, 43 Me. 497; Dow v. Sudbury, 5 Metc. 73; St. Paul v. Merritt, 7 Minn. 258; People v. Sup'rs, 11 N. Y. 563.

(m) Corfield v. Coryell, 4 Wash. C. C. 380; Padelford v. The Mayor, 14 Ga. 438; Pearce v Augusta, 37 Ga. 597; Harrison v. Vicksburg, 3 Smedes &M. 581; Worth v. Fayetteville, 1 Winst. 70; State v. Charleston, 2 Speers, 623; Shriver v. Pittsburgh, 66 Pa. St. 446.

(n) Parker Mills v. Com'rs, 23 N. Y. 242.

(o) Corfield v. Coryell, 4 Wash. C. C. 371; Padelford v. Savannah, 14 Ga. 438; Pearce v. Augusta, 37 Ga. 597; Harrison v. Vicksburg, 3 Smedes & M. 581; State v. Charleston, 2 Speers, 623; Shriver v. Pittsburgh, 66 Pa. St. 446; Worth v. Fayetteville, 1 Winst. 70.

(p) Bates v. Mobile, 46 Ala. 158; Miner v. Fredonia, 27 N. Y. 155; Gardner, etc., Co. v. Gardner, 5 Me. 133.

(q) Bemis v. Boston, 14 Allen, 366. See Hoadley v. Com'rs, 105 Mass. 519.

(r) Arapahoe Co. v. Cutter, 3 Colo. 350.

(s) People v. Com'rs, 23 N. Y. 224.

(t) Phelps v. Thurston, 47 Conn. 477.

(u) McKeen v. Northampton Co. 49 Pa. St. 519; Whitsell v. Northampton Co. Id. 526.

(v) Tappan v. Merchants' Nat. Bank, 19 Wall. 490.

ing it has its principal office.(*w*) Ferry-boats owned in another state are not taxable.(*x*) A vessel registered in New York and plying between Panama and San Francisco is not taxable in California.(*y*)

TRUST PROPERTY. Property held in trust should be assessed to the trustee where he resides.(*z*) If there are two trustees, one-half may be assessed to each,(*a*) without regard to the *cestui que trusts*.(*b*) Where one executor resides within the state and transacts business pertaining to the estate, and the other resides abroad, the residence of the former determines the *situs* of the choses in action belonging to the estate.(*c*) Trust property under direction of the court is taxable in the jurisdiction having control of it.(*d*) An assessment against the personalty of an estate may be made a personal charge against the executor or guardian.(*e*) As to personalty of distributees of an estate in the hands of a trustee.(*f*) Money due on a land contract in the hands of an agent is taxable.(*g*)

INTANGIBLE PROPERTY. Intangible property, not growing out of real estate, follows the person of the owner.(*h*) Where the domicile of the owner of choses in action upon which taxes were paid (under protest) was in another state, they do not constitute property within this state, and are not subject to taxation here.(*i*) Although the *situs* of real estate, by which debts are secured, is within the state, the trust deeds are mere incidents—choses in actions attached to the owner.(*j*) The *situs* of a bond is the residence of the owner, wherever the obligor may reside.(*k*) Its locality does not depend upon the place of the written evidence of the ownership.(*l*) So of a promissory note secured by a bond deed.(*m*)

PROPERTY IN TRANSIT. A state cannot levy a tax upon property in transit to other states.(*n*) Such property has no *situs* in the state, in the proper legal sense of that word.(*o*) The personal property of one who had been a resident of the state, but who was *in itinere*, on the day for the levy of taxes, for the purpose of removing to another state, is subject to taxation.(*p*) One who has left the town of his residence without the intention of returning, is, nevertheless, taxable there, while he remains in the commonwealth, until he has

(*w*) Transp. Co. v. Wheling, 99 U. S. 273.

(*x*) St. Louis v. Ferry Co. 11 Wall. 423; Morgan v. Parham, 16 Wall. 471.

(*y*) Hays v. Pacific M. S. Co. 17 How. 596; State v. Haight, 30 N. J. 428; People v. Com'rs, 11 Alb. Law J 401.

(*z*) Hardy v. Yarmouth, 6 Allen, 277; Baltimore v. Sterling, 29 Md. 48; People v. Assessors, 40 N. Y. 154; State v. Matthews, 10 Ohio St. 437; Carlisle v. Marshall, 36 Pa. St. 397.

(*a*) State v. Matthews, 10 Ohio. St. 437; Baltimore v. Sterling, 29 Md. 48.

(*b*) People v. Assessors, 40 N. Y. 154.

(*c*) Johnson v. Oregon City, 3 Or. 13.

(*d*) Lewis v. Chester Co. 60 Pa. St. 325.

(*e*) Williams v. Holden, 4 Wend. 223; Payson v. Tufts, 13 Mass. 493.

(*f*) See U. S. v. Hunnewell, 13 Fed. Rep. 617, 618, note.

(*g*) People v. Ogdensburg, 48 N. Y. 390; Sup'rs v. Davenport, 40 Ill. 197.

(*h*) Johnson v. Oregon City, 3 Or. 13.

(*i*) Railroad Co. v. Pennsylvania, 15 Wall. 300; Davenport City v. Mississippi & M. R. R. Co. 12 Iowa, 539: Augusta City v. Dunbar, 50 Ga. 393; People v. Eastman, 25 Cal. 601; Hayne v. Deliesseline, 3 McCord, 373; Johnson v. Lexington City, 14 B. Mon. 521; Arapahoe Co. v. Cutter, 3 Colo. 349.

(*j*) Arapahoe Co. v. Cutter, 3 Colo. 350.

(*k*) Hayne v. Deliesseline, 3 McCord. 374; Augusta v. Dunbar, 50 Ga. 3~7. See Harper v. Com'rs, 23 Ga. 566; Bridges v. Griffin, 33 Ga. 113.

(*l*) Johnson v. Oregon City, 3 Or. 13.

(*m*) Arapahoe Co. v. Cutter, 3 Colo. 349.

(*n*) McCutcheon v. Rice Co. 2 McCrary, 337.

(*o*) McCutcheon v. Rice Co. 2 McCrary, 337.

(*p*) McCutcheon v. Rice Co. 2 McCrary, 337.

acquired another residence.(q)   Residence is presumed to continue until a change is affirmatively shown.(r)   Where a town taxes a party as a resident, the burden of proof of residence is on the town if questioned.(s)—[ED.

(q) Bulkley v. Williamstown, 3 Gray, 493.        (s) Hurlburt v. Green, 41 Vt. 490; S. C. 42 Vt.
(r) In re Nichols, 54 N. Y. 62.                  316.