## HAM v. MILLER.

1. **Dubuque: TAX SALE.** The charter of the city of Dubuque does not confer upon the corporation the power to sell property for the payment of municipal taxes.

2. **Tax sale: STATUTE CONSTRUED.** The act of March 22d, 1858 (Rev. 1860, § 1144), applies only to municipal corporations invested with the power to sell and convey property for the payment of taxes.

3. —— **MUNICIPAL CORPORATION.** The power "to provide for the assessment of all taxable property," or to "collect taxes," expressed in the charter of a municipal corporation, does not include that of selling and conveying property in case of non-payment.

*Appeal from Dubuque District Court.*

WEDNESDAY, JUNE 13.

ON the 29th of December, 1862, the treasurer of the city of Dubuque, for the delinquent taxes of 1860, sold the real estate in controversy, to the defendant, and three years after said date, in 1865, executed his deed, and defendant claims and holds the property under and by virtue of said proceedings. Unless his title is thus divested, plaintiff is the owner of the property, and having tendered the amount paid by the defendant (but after the expiration of three years from the day of sale), with interest, claims that it shall be discharged from any and all incumbrance created by such sale and deed. His position is, that the city had no power to sell or convey said property for delinquent taxes. Defendant, on the other hand, claims that the city treasurer had the same power which county treasurers have by statute, in similar cases of delinquent taxes. Plaintiff's position was sustained, and defendant appeals.

*Wilson* and *Doud* for the plaintiff.

1. The city charter does not create or confer any power or authority to sell or convey property for delinquent

taxes. The following are the only provisions in relation to taxes:

"SEC. 1. The city *council shall have power*, and it is hereby made their duty, to collect taxes, to defray the current expenses and pay the debts of the city; to provide for the assessment of all taxable property in said city, with reference to taxation for city purposes."

2. The council has no power or authority, except what is expressly conferred by the charter. *Clark, Dodge & Co.* v. *The City of Davenport*, 14 Iowa, 499; *Sharp* v. *Spier*, 4 Hill, 76; Blackw. Tax Tit., 447, and cases cited. No power to sell real estate being conferred, taxes, when they become due, if legally assessed, are a debt due to the corporation, and as such must be collected by due course of law. Blackw. Tax Tit., 448; *Berger* v. *Clarkson*, 1 Halst., 365; *Sharp* v. *Johnson*, 4 Hill, 103; *Doe* v. *Chuner*, 1 Blackf., 336.

3. Chapter 105, Laws 1858, does not create or confer any power upon any corporation to sell or convey real estate. It only provides a "mode" for the exercise of powers already in existence, which are created and conferred by the charters of the several corporations to which it refers.

*Beach & Gray* for the defendants.

1. If the said city treasurer's deed was executed, as is admitted, pursuant to the ordinance, and by the authority conferred by the council of the city, then it is to have the same effect as county treasurer's deeds. See Laws of 1858, ch. 105; Rev., ch. 45.

2. The act of March 22d, 1858, confers upon purchasers at city tax sales, all the rights and remedies secured to purchasers at other tax sales. See *Sweet* v. *Billings*, 14 Iowa, 385.

3. The court below, in refusing to set aside the deed absolutely, regarded the sale and conveyance as of some validity, and if valid at all, it must be effective, to pass the title, according to the authority above cited.

WRIGHT, J. — Appellant insists that as the treasurer's deed was executed pursuant to the ordinances and authority conferred by the city council, it had the same effect as the deeds of county treasurers; and to sustain this position he relies upon the act of March 22, 1858. Rev., § 1144. He further maintains that this act confers upon the purchaser at a city tax sale all the rights and remedies secured by the general law to the purchaser at other tax sales, or sales made by county officers.

1. DUBUQUE: tax sale.

These positions naturally lead to the first and material inquiry, whether the city council had any power to authorize the sale and conveyance of real estate for the non-payment of city taxes. For to give the deed the same effect as that made by the county treasurer, it must have been executed pursuant to the power conferred by the city charter. When the deed by the city officer is properly made, or made " by virtue of the laws and ordinances of the corporation," then it has the same " effect as the county treasurer's deed under sales made by him," and the purchaser may pursue the same mode for making the sale effective. And the case of *Sweet* v. *Billings*, 14 Iowa, 385, decides nothing more than this. There is nothing in that case indicating that a sale and conveyance by the officers of a municipal corporation under a tax sale, would be valid without reference to the question of power. We are, therefore, brought back to the first inquiry, whether, under the charter of the city of Dubuque, there is any power to sell and convey real estate for the non-payment of taxes, and we have no hesitation in holding that the power is not conferred.

Ham v. Miller.

We need not say that this power, sovereign in its nature, must not depend for its existence upon mere inference, but must always be created by express grant. Blackw., 10–30, and authorities there cited. To create or confer the power is one thing, and to regulate its exercise is quite another.

2. TAX SALE: statute construed. The act of March 22, 1858, specifies the purchaser's rights and the mode of making the sale effective, or foreclosing the redemption, in cases where the real estate is sold by virtue of the laws and ordinances of the corporation. In most of the city charters the power to thus sell and convey is given in express words. To all such this act would apply; but not to a corporation, like that of Dubuque, possessing no such power.

The only provisions of the charter under which the power could by possibility be claimed, are clauses 23 and 24 of § 7, city charter, 1858; approved January 28, 1857. These provide that the city council shall have power to collect taxes to defray the current expenditures, and pay the debts of the city, and to provide for the assessment of all taxable property in said city, with reference to taxation for city purposes. There is not even a provision giving the power to pass ordinances to carry into effect the granted powers. This power would be presumed, perhaps, without the aid of an express grant. But the power to "provide for the assessment of all taxable property," or "to collect taxes," does not include that of selling and conveying in case of non-payment. This power, so high, delicate and important in its nature and character, must not rest upon an implication so remote — nor depend for the mode and manner of its exercise upon the mere will or discretion of the city council. And especially is this so where the charter, as in this instance, fails to leave this or any kindred matter to such discretion or will.

2. —— municipal corporation.

Affirmed.