## AUGUSTINE v. JENNINGS.

1. **Tax Sale:** MUNICIPAL TAXES: CONSTITUTIONAL LAW. Incorporated cities and towns acting under special charters have the right, under Chapter 111, Acts of the Twelfth General Assembly, to sell real or personal property for the non-payment of municipal taxes, and may impose interest and penalties whose payment shall be a condition attached to redemption.

*Appeal from Dubuque District Court.*

### THURSDAY, DECEMBER 16.

THIS is a mandamus proceeding to compel defendant, who is the auditor of the city of Dubuque, and charged with the duty of receiving money paid for the redemption of property sold for taxes, under the ordinance of the city, and of issuing proper receipt or certificate therefor showing redemption, to receive a certain sum tendered by plaintiff for the redemption of certain real estate from a tax sale made under the city ordinance for delinquent city taxes. Upon the final hearing of the cause a peremptory writ of mandamus was ordered to issue, commanding the defendant to accept the amount of money tendered as redemption from the tax sale. From this judgment defendant appeals. The other facts of the case, involved in the points ruled appear in the opinion.

*D. E. Lyon* and *Fouke & Lyon*, for appellants.

Courts will not take judicial notice of a city ordinance, and it must be specially pleaded. (*Garvin v. Wells*, 8 Iowa, 286; *Goodrich v. Brown*, 30 Id., 291; 1 Dill. on Corp., 346.) When an application in strict compliance with the statute is made for change of venue, based upon prejudice of the judge, the court has no discretion but must grant the application. (*Miller v. Laraway*, 31 Iowa, 538.) A municipal corporation can always exercise powers granted in express words, or those necessarily implied or incident to the powers granted, and also those essential to its declared purpose. (*Merriam v. Moody*, 25 Iowa, 163.) By the act of 1868, power was granted to cities to enable them to enforce the payment of delinquent taxes, and the validity of the act has been recognized by the courts. (*Haskel v. Burlington*, 30 Iowa, 232; *Dubuque v. Harrison*, 34 Id., 166; *Grant v. Davenport*, 36 Id., 404.) See, also, the following cases: *The State v. Herod*, 29 Iowa, 123; *Ash v People*, 11 Mich., 347; *Perdue v. Ellis*, 19 Ga., 586; Dillon on Corp., §§ 304-6, 309, 315, 324-5-9, 340; *Ex parte Delaney*, 43 Cal., 478; *Ex parte Smith*, 38 Cal., 709. When a charter confers upon a village or town the right to raise money by tax, it is to be construed to mean according to the principles and directions of the general tax law. (*Ontario Bank v. Bunnell*, 10 Wend., 186.)

*R. E. Bishop*, for appellee.

A municipal corporation possesses no authority to levy and collect taxes upon property situated within its corporate limits, unless under an express grant from the legislative power of the State. (Blackw., on Tax Titles, § 447; *May v. Cincinnati*, 21 Ohio, 273; *Sharp v. Spier*, 4 Hill, 76; *Clark, Dodge & Co. v. Davenport*, 14 Iowa, 494; *Ham v. Miller*, 20 Id., 396.) The authority to impose burdens upon persons and property is wholly statutory, and it must be clearly given and strictly pursued. (Dillon on Corp., § 605.) In the absence of any statutory provision allowing interest on a tax, it does not draw interest even after demand. (Blackw. on Tax

Titles, § 172; *Shaw v. Rechett*, 26 Vt., 482.) The mere assessment of a tax upon land does not create a debt against the owner (*Edgerton v. Third Municipality*, 1 La. Ann., 435), at least until a demand has been made upon the person taxed. (*Bolt v. Perley*, 11 Mass., 169; *Green v. Craft*, 6 Cushing, 70; *Ratherbun v. Ackcr*, 18 Barb., 393.) The power to add a certain per cent as penalty, after the analogy of state taxation, must have been clearly and unmistakably conferred by the legislature. (Dillon on Corp., § 279; see, also, *Fairfield v. Radcliff*, 20 Iowa, 396; *State v. Smith*, 31 Id., 493.)

BECK, J.—Under the ordinances of the city of Dubuque there is added to delinquent taxes a penalty of one per centum per month for the first three months, and two per cent per month thereafter. After the expiration of a certain time lands upon which taxes remain delinquent are sold therefor and, within a time prescribed, redemption from tax sales may be made by the payment of the amount for which the land was sold with twenty per centum penalty and interest at the rate of ten per centum per annum. Under these ordinances plaintiff's property was sold. No question is made as to the regularity of the sale and the proceedings upon which it is based. Plaintiff, within the time prescribed by the ordinance, applied to redeem his land; and tendered for that purpose the original tax with six per centum per annum interest thereon. The defendant, the officer of the city charged with the duty of receiving money paid in redemption from tax sales, refused to permit the redemption for the sum tendered, and demanded an amount required for that purpose under the ordinances of the city. Upon this state of facts plaintiff claims, and the court below granted, the relief asked by him. The question presented for our determination, then, is, whether the city of Dubuque is authorized to provide by ordinance for penalties upon delinquent taxes and to make the payment of a penalty and interest a consideration for the redemption from tax sales?

It was held by the court that the city of Dubuque, under its charter existing at that time, had no power to sell real

estate to enforce the collection of municipal taxes. *Miller v. Ham*, 20 Iowa, 450.

Chapter 111, Acts Twelfth General Assembly, is as follows: "An Act to promote the collection of Revenues of Incorporated Cities and Towns acting under special charters.

" Section 1.   Be it enacted by the General Assembly of the State of Iowa, that to all cities and towns heretofore incorporated under special acts and charters, and which do not now possess the right to sell personal or real property for the collection of delinquent taxes, including special rates and assessments, full power and authority is hereby granted to sell real and personal property for delinquent taxes, including special rates and assessments levied upon property for the improvement of streets, alleys, sidewalks, the construction of sewers and other improvements of like nature; but no deeds heretofore given by city authorities, where there was no legal power to sell, shall be considered as valid by anything herein contained.

" Section 2.   That the city council, or trustees of any incorporated city or town, coming under the provisions of this act, shall have the right to provide by ordinance for the method of conducting sales of property sold for delinquent taxes or assessments, and also to provide all other needful rules and regulations for the proper enforcement of the rights herein granted.   Deeds given for property sold under the provisions of this act shall have the same force and validity as those executed by county treasurers in similar cases."

The statute was held constitutional in *Haskel v. The City of Burlington*, 30 Iowa, 232.

The taxes, for which the sale in question was had, accrued subsequently to this statute.   We will inquire whether, under it, power is conferred upon the city to provide for penalties and interest upon delinquent taxes upon the redemption from tax sales.

In addition to the power to sell lands for delinquent taxes, conferred by the statute, power is also conferred upon the city "to provide all other needful rules and regulations for the proper enforcement of the rights " granted by the act.   What

rights are granted by the act? Clearly, the right to enforce the collection of taxes by sale of lands whereon they are levied. It may be admitted that the word *power*, if used in the place of the word *rights*, would express the legislative intention. But, be this as it may, it cannot be claimed that the right or power conferred by the clause of the second section just quoted, is limited to the sale of lands, for that is fully provided for in the preceding parts of the act. It confers some additional power, or right, which is plainly expressed in the clause, to be all other rights or powers needful to enforce the power or right of sale. This clearly contemplates the proceedings prior to the sale which may be deemed *needful*, requisite, to the lawful exercise of the power of sale, such as the notice of sale, and the like. The sale, of necessity, must take place at some time subsequent to the tax becoming delinquent. This time, as well as the date of the delinquency of the tax, may be prescribed. The city may prescribe the acts to be done after the sale, as those before, for all acts, before and after, which are *needful* for the enforcement of the right or power to sell, may be done under this provision. Now, if it be needful, in the proper exercise of the power to sell, that a time intervene between the day the taxes are due or delinquent and the day of sale, the city may provide therefor. And that this is *needful* cannot be doubted, for it would be a great oppression upon the tax-payer to subject his land to sale the day the taxes become delinquent. In providing for such time after the taxes become delinquent, the city, under this provision, may certainly provide for the conditions upon which such time is given for the payment of taxes. It appears to us that this cannot be doubted. The conditions prescribed by the ordinance are the penalties and interest to be assessed against the deliquent tax-payer. We conclude, therefore, that they are authorized by the statute above quoted. The same course of reasoning leads to a like conclusion as to the penalty and interest after the sale. These pertain to the manner of the sale, and are *needful* in providing for the right of redemption given to the tax-payer. This conclusion is strengthened by the consideration that the pro-

visions of the ordinance are the same in character as the statute of the State upon the same subject, namely, the enforcement of the collection of taxes by sales, after they become delinquent, and the imposition of penalties and interest thereon, both before and after sales. *City of Burlington v. B. & M. R. Co.*, 41 Iowa, 134; *Slack v. Ray*, Supreme Court of Louisiana, July 25, 1874; s. c., *Central Law Journal*, Sept. 10, 1874.

Another thought supports the power of the city to provide penalties and interest after sales and before redemption. The redemption is made under the ordinance. Surely it can provide the manner and conditions of redeeming. The penalty and interest pertain thereto. The plaintiff cannot have the benefit of the ordinance unless he comply with its conditions.

The judgment of the District Court is

REVERSED.