HORACE E. BURDICK, Collector *vs.* JULIA W. ANDERSON.

JULY 2, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, JJ.

VINCENT, J. This is an action on the case brought by Horace E. Burdick, Collector of Taxes of the Watch Hill Fire District against the defendant to recover the amount of taxes assessed against her for the years 1913 to 1917, both inclusive, amounting to the sum of $800.00, together with interest at the rate of twelve per cent per annum.

The defendant demurred to the original declaration. The plaintiff then filed an amended declaration which was also demurred to. This last mentioned demurrer raised a question of law which in the opinion of the court was of doubt and importance and the case was certified to this court under the provisions of Section 5, Chapter 348 of the General Laws 1923.

The question presented for our consideration is, "Has the Watch Hill Fire District authority to order, assess and collect a tax upon intangible personal property."

The contentions of the defendant are (1) The charter of said fire district, Chapter 946, Public Laws 1901, did not confer upon the district the right, power or authority to tax intangible personal property and (2) If said power did exist it has been taken away by the provisions of the Tax Act Chapter 769, Public Laws 1912.

The provisions of Chapter 946, Public Laws 1901, which are pertinent to the consideration of the questions now raised, are as follows: "Sec. 6. Said corporation may raise money by tax on the property within said district." "Sec. 7. Taxes shall be assessed by the assessor of taxes of said district on the taxable inhabitants and property therein, according to the last valuation made by the assessors of the town next previous to the assessment, adding, however, any taxable property which may have been omitted by said town assessors, or afterwards acquired, and in all cases where the

town assessors have included property within the district and property without the district in one valuation, the assessors of the district shall make an equitable valuation of that portion of the same lying within the district, and in assessing and collecting such taxes such proceedings shall be had by the officers of said district, as near as may be, as are required to be had by the corresponding officer of towns in assessing and collecting town taxes."

The portion of the Tax Act of 1912 bearing upon the defendant's second contention is to be found in Section 41, Chapter 769, Public Laws 1912 or in Section 11 of Chapter 57, General Laws of 1909.

In that section certain forms of intangible personal property subject to taxation are enumerated and the section concludes with the words "and all other intangible personal property:—shall be taxed at the uniform rate of forty cents for each one hundred dollars of assessed valuation."

In discussing the power to tax it must be borne in mind that it is not a power inherent in a municipal or *quasi-municipal* corporation but that such power must depend entirely upon legislative enactment which must be clearly expressed and strictly construed. As this court said in *Quimby* v. *Wood*, 19 R. I. 571, adopting the language from *Ham* v. *Miller*, 20 Iowa, 450, "We need not say that this power, sovereign in its nature, must not depend for its existence upon mere inference, but must always be created by express grant" and in 37 Cyc. 725, we find it stated that the power to tax "must be expressly and distinctly granted, and must be exercised in strict conformity to the terms of the grant."

The phrase "intangible personal property", particularly the word "intangible" was not made use of in any of the enactments relating to taxation prior to the passage of the Tax Act of 1912, Public Laws, Chapter 769. All personal property, however, not exempted by law, was subject to taxation as the same might be disclosed by the return of the taxpayer or estimated by the assessors in cases where no return was filed.

It may reasonably be conceived that the legislature, by its enactment in 1912 fixing a tax of forty cents upon each one hundred dollars of intangible personal property, sought to encourage taxpayers to make returns of property, not visible to the assessors, by holding out to them the benefit of a fixed, moderate rate. The report of the committee on taxation laws made to the General Assembly in 1910, which was followed by the Act of 1912, sums up the benefits which would arise from a fixed rate upon intangible personal property in these words: "The flat rate throughout the State would make migration from one town to another useless. The low rate would require the payment of a tax approximately in proportion to the ability to pay rather than in proportion to the amount of intangible personalty owned, thereby removing, at the same time, both the injustice and the excuses for evasion which exist under the present law". We think that it was in this view of the situation that the Act of 1912 was passed, and that it was the intention of the legislature in passing that act to establish a universal rate throughout the State and to limit the burden to be borne by intangible personal property to forty cents upon each one hundred dollars. This being so any further tax, levied by the fire district upon that species of property, would be in conflict with the provisions of the Tax Act, Chapter 769, Public Laws 1912, which, by its terms, repeals all previous acts repugnant thereto. Having reached this conclusion, and noting that the taxes which the plaintiff seeks to recover have all accrued since the passage of the Act of 1912, any discussion as to what might have been the prior rights of a collector of taxes would be purely academic and could serve no useful purpose.

The question submitted to us "Has the Watch Hill Fire District authority to order, assess and collect a tax upon intangible personal property" we answer in the negative.

The papers in the case will be remitted to the Superior Court within and for the county of Washington with

our determination of the questions submitted certified thereon.

*Samuel H. Davis, Richard W. Jennings,* for plaintiff.
*John J. Dunn, Albert B. West,* for defendant.