# Butler's Appeal.

1. An Act of Assembly must violate some prohibition of the State or Federal Constitution, expressed or clearly implied, before it can be declared unconstitutional.

2. The legislative power of taxation may be delegated to a municipal corporation, to be exercised within its corporate limits.

3. The legislature may exempt classes of property as well as classes of persons from taxation.

4. The Act of April 2d 1872, supplement to the charter of Wilkesbarre, is constitutional.

5. An act authorized the councils of Wilkesbarre to impose a tax for police purposes " on bowling alleys, and billiard tables, * * * and also auctioneers or other vendors of merchandise or articles by outcry, * * * and all other places of business or amusement conducted for profit." This did not authorize a tax on merchants, bankers, brewers, &c.

6. " Other places of business or amusement," should be of the character of those specifically designated.

7. The ordinance of councils enacted that after notice and failure to pay in ten days, the party should " upon conviction pay a fine not exceeding $100, or imprisonment not exceeding thirty days or both at the discretion of the mayor." This being without authority in the act could not be enforced.

March — 1873. Before READ, C. J., AGNEW, SHARSWOOD and MERCUR, JJ. WILLIAMS, J., at Nisi Prius.

[Butler's Appeal.]

Appeal from the decree of the Court of Common Pleas of *Luzerne county* : In Equity : No. 261, to January Term 1873.

An Act of Assembly was passed April 2d 1872 (Pamph. L. 740) entitled " A supplement to an Act to incorporate the city of Wilkesbarre."

By the second section it was enacted, that " in addition to the corporate powers heretofore granted, the council of said city shall be authorized :—    *    *    *

" 3. To require by ordinance or other general regulation that the owners or lessees of cars, carts, drays, wagons, carriages, omnibuses, coaches, sleighs, sleds, or other vehicles of burden or pleasure let for hire, or employed or used in carrying articles or persons for pay ; and also the owners, occupants, or lessees of bowling-alleys and billiard-tables for the use of which pay is demanded ; and also auctioneers or other venders of merchandise or articles by outcry or bidding ; and also all other places of busi-ness or amusement conducted for profit, shall be annually regis-tered and licensed, and required to pay into the city treasury, for police purposes, such sums respectively for such licenses, as may be established in the ordinance or any other general regulation."

On the 2d of September 1872, the councils of Wilksbarre, for the purpose of exercising the powers conferred by the act, passed the following ordinance :—

" Sec. 1. The owners or lessees of cars, let for hire or employed or used in carrying articles or persons for pay, and also the owners, occupants or lessees of bowling-alleys and billiard-tables, for the use of which pay is demanded ; and also auctioneers or other vendors of merchandise or articles by outcry or bidding, and also the owners or occupants of all other places of business or amuse-ment conducted for profit, shall be annually licensed and shall be required to pay into the city treasury for police purposes, such sums respectively, as follows to wit :"—

The ordinance then enumerates :—auctioneers ; billiard-table keepers ; bowling-alley keepers ; banks, bankers and brokers ; book and stationery store-keepers ; brewers and distillers ; butchers ; coal dealers ; daguerrean galleries ; drug store-keepers ; express companies ; gift enterprise store-keepers ; hotel-keepers ; insurance agents ; jewellery store-keepers ; livery-stable keepers ; liquor dealers ; lumber dealers ; merchants and dealers in mer-chandise ; millinery store-keepers ; real-estate agents or brokers ; saloon keepers ; street-car companies ; sewing-machine dealers ; stands for sales of drink or eatables, sample dealers ; telegraph companies ; and all other places of amusement for profit, not herein enumerated.

After providing for the determining who are required to take out license, giving notice by the mayor, issuing duplicates, &c., the ordinance provides :—

23 P. F. SMITH—29

" Sec. 6. All persons liable to pay any of the annual license fees aforesaid, who shall fail or neglect for the period of ten days after notice by the mayor of the amount of the license fee required to be paid, to pay the proper fee and procure the proper license, shall, upon conviction thereof, pay a fine not exceeding $100, or undergo imprisonment not exceeding thirty days, or either or both, at the discretion of the mayor.

" Sec. 7. All persons liable to pay any of the license fees aforesaid, other than annual, who shall fail or neglect upon demand from the mayor to pay the proper fee and procure the proper license, shall upon conviction be liable to the same penalties as imposed in preceding section."

At January Term 1873 of the Court of Common Pleas of Luzerne county, C. E. Butler and a large number of others filed a bill against the city of Wilkesbarre; it set out:—

1. They were citizens and tax-payers of Wilkesbarre, many of them merchants or venders of merchandise, all business men and owners of places of business in that city.

2. They had paid for and procured according to law the proper licenses for carrying on their business.

3, 4, 5. The councils of Wilkesbarre had passed the ordinance above set forth, claiming the right to enact it under the above said Act of Assembly, and a notice had been served on them to pay the tax within ten days.

6, 7. They believed the Act of Assembly to be unconstitutional, and the ordinance not in accordance with the act.

The prayers were for an injunction restraining the city from proceeding to enforce the payment of license tax assessed upon them, and for further relief.

A preliminary injunction was granted November 25th 1872.

The defendants answered that the act was constitutional and that the ordinance was legal, &c.

After argument on bill and answer, the court (Dana, J.) being of opinion that the Act of Assembly was constitutional, and that the ordinance was in accordance with the act, dissolved the injunction and dismissed the bill.

The plaintiffs appealed to the Supreme Court, and assigned for error the dismissal of their bill.

*S. Woodward* (with whom was *E. S. Osborne*), for appellants. —The court has power to set aside unequal and unjust legislation: Philadelphia Association *v.* Wood, 3 Wright 73; Durach's Appeal, 12 P. F. Smith 493; Hammett *v.* Philadelphia, 15 Id. 146.

*H. M. Hoyt* (with whom was *E. H. Chase*), for appellee.—The tax is not a local tax for general purposes. In the legitimate exercise of the power of taxation persons and things always have

[Butler's Appeal.]

been and may constitutionally be classified: Durach's Appeal, *supra;* Speer *v.* School Directors, 14 Wright 161; Kirby *v.* Shaw, 7 Harris 258. The exercise of the taxing power by the legislature must become wanton and unjust, be so grossly perverted as to lose the character of a legislative function before the judiciary will feel themselves entitled to interpose on constitutional grounds: Schenley *v.* Allegheny City, 1 Casey 130; Sharpless *v.* The Mayor, &c., 9 Harris 164.

The opinion of the court was delivered, May 17th 1873, by

Mercur, J.—We cannot review the wisdom or the expediency of legislative enactments. They must violate some prohibition, expressly declared or clearly implied, of the constitution of this state or of the United States, before we can pronounce them to be unconstitutional.

Whatever power of taxation the legislature possesses, it may delegate to a municipal government, to be legitimately exercised within its corporate limits.

The right of the legislature to exempt certain classes of property, as well as classes of persons from taxation, has always been recognised in this state. Thus, churches, meeting-houses, burial-grounds, universities, colleges, academies, school-houses, court-houses and jails, have been exempted "from all and every county, road, city, borough, poor and school tax:" Act of 16th April 1838, Purd. Dig. 1368, pl. 77. So all lands granted to officers and soldiers of this state for services in the armies of the Revolution, were exempted during the lifetime and ownership of the grantee: Act of 1st March 1780, 1 Sm. Laws 479. So, during the late war for the suppression of the rebellion, volunteers who were in service or who had been honorably discharged therefrom, were in many cases excepted from taxes laid to pay bounties to volunteers: Act of 14th April 1863, Pamph. L. 443, § 4; also from a per capita tax, Act of 25th August 1864, Pamph. L. 987. In the exercise of the power of taxation, persons and things may be classified. Some classes may be taxed, other classes may be exempted. Thus, the Act of April 29th 1844, Pamph. L. 497, imposed a state tax upon "all professions, trades and occupations, except the occupation of farmers." Again some species of property may be taxed for one purpose and not for another. If the taxation is upon all of a class, either of persons or things, said Justice Sharswood in Durach's Appeal, 12 P. F. Smith 494, "it matters not whether those included in it be one or many." We are unable to see anything in the Act of 2d April 1872, which conflicts with the prohibitory clauses in the constitution, and the learned judge was correct in so holding.

The remaining question is, does the Act of 2d April 1872, sup-

port the ordinance of September 2d 1872? We think it does not for two reasons.

First. The act authorizes the city authorities to require the payment, by ordinance or other general regulation, of license fees, for police purposes, from the owner or lessees of certain vehicles of burden or pleasure, let for hire or used in carrying goods or persons for pay: also, from auctioneers or other vendors of merchandise, or articles by outcry or bidding; also, from the owners, occupants or lessess of bowling-alleys and billiard tables, for the use of which pay is demanded; and also of all other places of business or amusement conducted for profit. We have changed the relative position of some of the paragraphs in order to present more clearly the different classes of persons and things, subject to the payment of licenses. It will be seen they are: 1st. Persons using vehicles for certain purposes: 2d. Persons pursuing their occupations in a particular manner: 3d. Persons keeping for pay, certain places of amusement; the act specifically designating "bowling-alleys and billiard-tables," only. Then follows the clause: "also, all other places of business or amusement conducted for profit." Under this, the ordinance in question, has imposed license fees or taxes upon merchants, bankers, brewers, druggists, hotel keepers and upon persons engaged in many other branches of industry, some of whom have filed this bill. We do not think the act is broad enough to cover these classes. They are not within its scope and object. If the design of the law had been to impose this tax upon every person engaged in carrying on any branch of industry in the city, more certain and specific language would have been used. The fair import of the words used, taken in connection with the kind of property specifically designated and charged is, that "the other places of business or amusement" should be of purpose and character, similar to bowling-alleys and billiard-tables.

The ordinance therefore should have been so limited—such, we conceive, being the true intent and meaning of the act, the ordinance has no basis upon which to rest, and is necessarily invalid.

Secondly. The penalties imposed by section six of said ordinance, for a failure to pay the license fee, cannot be sustained by authority, nor by sound reason. The ordinance makes no provision for the collection thereof, either by the recovery of a judgment, and execution thereon, nor by warrant of distress. It gives no authority to levy upon, seize, or sell the property of the delinquent for its collection. In case of a failure or neglect to pay, and to procure the proper license, within ten days after notice from the mayor, of the amount of the license fee required, it provides only for the imposition of a fine not exceeding one hundred dollars, and of imprisonment not exceeding thirty days, or either, at the discretion of the mayor. Thus, not only without any effort to collect the license fee out of the property of the delinquent; but

[Butler's Appeal.]

also, without the issuing of any process to collect the fine imposed, he may be incarcerated in prison. If the unfortunate citizen has permitted the ten days to run past without paying his license, the ordinance closes upon him ; no alternative writ issues against him ; his offence has been consummated; no payment will save him from prison.

There is nothing in the Act of Assembly authorizing the imposition of such a sentence, without an indictment and without a trial by jury. No authority was cited, no precedent has been found to warrant such action, or to sustain such a proceeding, under any similar grant of power. Except for contempt, a trial by jury should precede a sentence to imprisonment.

Holding then, that the ordinance is unwarranted by the statute, · its enforcement should be enjoined ; the decree must be reversed, and the relief asked for in the bill be granted.

And now, to wit: May 17th 1873, this cause having come up by appeal from the decree of the Court of Common Pleas of Luzerne county, dissolving the injunction which it had previously granted, and dismissing the appellant's bill, and having been argued by counsel at Philadelphia; after due consideration thereof, it was ordered, adjudged and decreed as follows, to wit: that the said decree of the Common Pleas be reversed and set aside; and that the said defendant be restrained from proceeding to enforce the payment of· the sums of money claimed to have been assessed upon said plaintiffs respectively, as a special tax or license fee to enable them to prosecute their business in the city of Wilkesbarre; and it is further ordered, that the appellees pay the costs.