CITY COUNCIL OF AUGUSTA, plaintiff in error, *vs.* BARNEY S. DUNBAR, defendant in error.

1. Bonds owned by citizens and residents of the city of Augusta on corporations, or individuals resident out of the city, are property within the city, so as to be subject to taxation by the city authorities, under their general power to assess a tax upon property within the limits of the city.

2. Under the laws of this State, a municipal corporation cannot levy a tax on the bonds issued by the State, even though they be property within the corporate limits. It is not to be presumed that the State intended, without an express grant to that effect, to confer upon a municipal corporation a power thus to depreciate the State securities, and do what the State, itself, ought not to be presumed to have done in the absence of clear language so declaring.

3. Unless express authority to do so be granted by the Legislature, a municipal corporation has no power to enforce the payment of taxes due it by affixing a penalty of an additional *per centum* for failing to pay promptly when due.

Municipal corporations. Bonds. Taxes. Penalty. Before Judge GIBSON. Richmond County. At Chambers. June 4th, 1873.

The City Council of Augusta, by its tax ordinance for the year 1873, levied an *ad valorem* tax of one and one-third per cent. on all taxable property in said city, including in the list of said taxable property all railroad, municipal, or other bonds, (city of Augusta bonds excepted,) solvent notes and accounts, money loaned at interest, and all evidences of debt.

It was provided by said ordinance that all taxes should be payable within thirty days after the tax digest had been placed in the collector's hands for collection, and on all taxes unpaid

after the expiration of thirty days, that there should be levied an additional tax of four per cent.; on all unpaid after sixty days, five per cent.; on all unpaid after ninety days, six per cent.; on all unpaid on the first of September, seven per cent.; on all unpaid on the first of November, execution, with ten per cent. added to the amount of tax, should be issued.

Barney S. Dunbar, a citizen residing in the city of Augusta, returned, under protest, the following bonds: Bonds of the Georgia Railroad and Banking Company, assessed at $67,-900 00; Central Railroad and Banking Company bonds, assessed at $63,000 00; State of Georgia bonds, assessed at $4,500 00, and bonds of the city of Macon, assessed at $21,-000 00. He then filed his bill to enjoin the city from collecting the tax, and alleged that said tax ordinance was illegal and invalid, upon the grounds that the obligors in the bonds were non-residents of Augusta, and therefore the property in these debts was not in the city; that the State bonds were not taxable by the city authority; and that the City Council had no right to levy the additional tax upon default in payment of the original tax.

The answer of the defendant did not vary the case made by the bill.

The Chancellor granted the injunction as to the Central Railroad and City of Macon bonds. To which ruling the City Council of Augusta excepted.

He refused the injunction as to the State bonds, the bonds of the Georgia Railroad, and as to the additional tax to be levied in case of delay in payment. To which ruling Dunbar excepted.

JAMES C. C. BLACK; W. H. HULL, for plaintiff in error, submitted the following brief:

Debts and choses in action are personal property: Ford & Sheldon case, 12 Coke 1; Ryall *vs.* Rolle, 1 Atkyns, 182.

Such property has in itself no locality; the fact of the paper being in a particular place makes no difference: Morse *vs.* Morse, 1 Brown's Chancery Cases, 129; Fleming *vs.*

Brook, 1 Sch. and Lef., 319; Chapman *vs.* Hart, 1 Vesey Sr., 273; 2 Wm's Ex'rs, 1015, *et. seq.*

The legislation of Georgia has always treated the residence of the creditor as fixing the *locus* of the property.

By section 798 of the Code, bonds, notes, etc., on parties in other States are taxable here; and while, by section 797, 800, all real and personal estate in this State is taxable, though owned by non-residents, yet no tax has ever been laid on debts due by residents to non-residents: Collins *vs.* Miller, 43 Ga., 338.

The laws and decisions of other States confirm the same views : Johnson *vs.* Lexington, 14 B. Monroe, 648 ; Johnson *vs.* Commonwealth, 7 Dana, 338 ; Thomas *vs.* Mason County Court, 4 Bush, (Ky.,) 135; People *vs.* Park, 23 Cal., 138; People *vs.* Wharlenby, 38 Cal., 461; Latrobe *vs.* Baltimore, 19 Md., 13 ; Stephens *vs.* Booneville, 34 Mo., 323; Davenport *vs.* Miss. R. R. Co., 12 Iowa, 539.

The State of Pennsylvania has attempted to tax debts due to non-residents by residents; and in the case of the Cleveland, Painesville and Ashtabula Railroad Company *vs.* Pennsylvania, the Supreme Court of the United States decides that a State cannot do so.

The Court expressly base their decision on the ground that a debt, whether by specialty or simple contract, is property where the *creditor*, and not where the *debtor*, resides.    That the Georgia Railroad and Banking Company is located in Augusta : See Acts of 1841, page 174.    That State bonds are taxable is ascertained from the consideration : 1st.  That there is no Act exempting them.    2d.  That there are Acts exempting them in certain cases—as in trust investments—and the Act of the last Legislature, issuing certain bonds.    3d.  That the State could forbid municipalities from taxing them, is certain, but until it does so, no such prohibition will be implied.

The remaining point is the power of the city to induce prompt payment by imposing an addition to the tax in case of delay.  This rests on the general legislative power conferred on the City Council by the State; which power is only subject

to the limitation of not being repugnant to the Constitution and laws of the land.

Act of 1798, section 3.

BARNES & CUMMING, for defendant in error, argued as follows:

We say, first, that the Court erred in holding that the corporation known as the Georgia Railroad and Banking Company has a residence in Augusta. Its charter does not fix its residence there. The residence of corporations created by the Legislature is a question over which the Legislature has power: 17 Ga., 333. But where it is not fixed they have no particular residence: 17 Ga., 331. This is shown from the manner of paying taxes direct to the Treasurer of the State. *Ibid.* Georgia Railroad pays its tax direct to the State: Act of February 1, 1850, cited 26 Ga., 659. And see as to residence of stock, the capital of the company: 26 Ga., 663. Neither can Georgia be said, geographically considered, or as a political body, to have a residence in Augusta. But State bonds cannot be taxed by the city, for if they could, the creature could impair the resources of the creator. If the right to tax exists in the city, it is a right which in its nature knows no limit: Dillon on Municipal Corporations, page 558. True, no express prohibition in the charter, restraining the city from taxing State bonds, but it exists by implication from the nature of things. No prohibition in the Constitution to prevent the General Government from taxing the agencies of the State, or the State Government from taxing the agencies of the General Government, but the prohibition exists by implication: Cooley's Constitutional Limitations, 480, 483 and note. The same reasoning applies more strongly to the case of a State and municipal corporation, for the latter has only such power as the former chooses to confer, and it cannot be said, in the absence of plain and unmistakable language conferring such a grant, that the State intended to bestow a power to weaken its resources and impair its credit.

The imposition of additional taxes in the form of penalties,

City Council of Augusta *vs.* Dunbar.

is a new and unwarranted exercise of power. No such power has ever been exercised by the State. It is not granted by the city charter, and unless specifically granted, cannot be exercised: Dillon, page 576; Savannah *vs.* Hartridge, 8 Ga., 23.

The power to levy and collect the tax does not authorize a levy of a percentage for expenses of its collection: Dillon, 578; Jonas *vs.* Cincinnati, 18 Ohio, 318–323; Nelson *vs.* La-Porte, 33 Ind., 258. The right to impose a penalty for the non-payment of a tax must be plainly conferred, or it cannot be exercised by the corporation: Dillon, page 614–615; Municipality *vs.* Pauce, 6 La. An. 515, 1851. The imposition of the penalty is illegal further, because it is in violation of that provision in the Constitution requiring uniformity of taxation: Ames' Law Review, vol. iv., page 329; 44 Ill. 269; *Ibid.* 280. As all the classes of bonds.

The taxing power of the city of Augusta is a power confined to inhabitants or property within the city; 26 Ga., 663; Act of 1798 and Act of 1835, conferring powers of taxation.

Debts due by non-residents not within the city, and these bonds, all due by non-residents, are not taxable by the city: 23 Ga., 569; 33 *Ibid.*, 114. See, also, 14 B. Monroe, 648–661; Johnson *vs.* Lexington: 1 Bush, (Ky.,) 381. See, also, Dillon, page 592–593; 2 Met., 228.

The case of Cleveland, Painesville and Ashtabula Railroad Company, decided by Supreme Court of the United States is cited *contra*. That was the case of a State tax. The State does afford protection to choses to action, but no protection is afforded by city government. The purposes for which the charter was given should be considered: 8 Ga., 29 and 30; 31 *Ibid.*, 715.

Unless the power be plainly given it cannot be exercised. Dillon, 576; 8 Ga., 23. In any event, the decision of the Supreme Court of the United States not binding on the State Court, neither according to Padleford, Fay & Co., *vs.* the City of Savannah: 14 Ga, 499, 506, 507; nor 37 *Ibid.*, 135–155; nor according to Cooley's Const. Lim., pages 12, 13.

The doctrine of *stare decisis* applies in Georgia: Cooley's Const. Lim., page 49; 35 Ga., 65–66.

In conflict between citizen and government as to legality of tax, the rule is a strict construction against the government: 8 Ga., 23.

McCay, Judge.

1. The case of *Bridges vs. The Mayor and Council of Griffin*, 33 *Georgia*, 113, is clearly a decision that the locality of a chose in action, such as bonds, promissory notes, etc., is at the place of the residence of the debtor, and if that decision be now the law the Judge was right in granting the injunction as to the Central and Macon bonds. But we think the legislation of the State, since the date of this decision, clearly indicates that a different rule is now to be adopted. Under our tax laws, as they then stood, though choses in action were taxed, there was nothing in the tax Acts to indicate where the locality of choses in action was. It was, therefore, a question for judicial decision upon general principles. But by section 798 of the Code it is declared that "bonds, notes and other obligations for money on persons in *other States*, or bonds of the United States or of other States, or bonds of corporations of other States, and shipping, are subjects of return and taxation in this State." This can only be on the idea that the locality of such property is with the owner of it. It cannot be supposed that the Legislature intended to tax choses in action held by residents in this State on residents of another State, and at the same time tax, as it does, "all the property of non-residents which is in this State," including bonds and other obligations for money; section 800. This would be taxing property here and property not here; taxing debts against the creditor and the debtor, which is absurd and oppressive. In our judgment this is a clear indication and declaration of the legislative will that the property in bonds and notes, or other obligations to pay money, is located at the place of the residence of the owner of them, and that at least since the 1st of January, 1863, when the Code went into effect,

City Council of Augusta *vs.* Dunbar.

such is the law of this State for purposes of taxation. And this is, in our judgment, the correct rule, sustained by the current of decisions and by right reason. The analogy drawn between such choses in action and deeds to land or bills of sale to personal property, is hardly accurate. The latter are tangible, visible, and have a definite locality, because they occupy space, but choses in action are intangible, and in fact have no material, visible locality. As a general rule of law, for other purposes than taxation, they follow the person of the owner. They are bought, and sold, and transferred by him; they may be stolen, sued for, etc., by stealing or suing for the paper which represents them. There are some old decisions on the question of the wife's equity and right of survivorship indicating a different rule in such cases, especially of choses in action which cannot, at law, be transferred: See Bishop on The Law of Married Women, Title, Wife's choses in action. But the current of authorities, as to stocks, bonds and notes for money, very decidedly fixes their locality at the residence of the owner of them. At any rate, this is true under the authorities for purposes of taxation: Johnson *vs.* Lexington, 14 B. Monroe, 648; Johnson *vs.* Commonwealth, 7 Dana, 335; 4 Bush, (Ky.,) 135; 23 California, 138; 38 *Ibid.,* 461; 19 Maryland, 13; 34 Missouri, 323; 12 Iowa, 539. And in Cleaveland and Ashtabula Railroad Company *vs.* Pennsylvania, at a late term of the Supreme Court of the United States not yet put into book form, that Court decides the same thing, both upon principle and authority: See, also, 43 *Georgia,* 336. We are, for these reasons, of the opinion that bonds and other obligations for the payment of money, have their locality with the owner of them, and that the Court erred in enjoining the collection of the tax on the Central Railroad and City of Macon bonds.

2. But we do not agree with the Court as to the right of the city to tax State bonds. It is not pretended that the State has granted this right in terms. It is a question of some doubt whether a *State* can tax its own bonds. At any rate it is a matter of serious question whether it is right to do so.

VOL. L. 26.

If a State contracts to pay a fixed interest on its bonds, it is rather a loose compliance with that contract to tax the bond one or two per cent. We will not say a State cannot tax its own bonds. But we do say that the presumption is, in our minds, very strong that a State has not conferred on another taxing power this right if there be no express words so declaring. The power of a municipality to tax State bonds is a power seriously to cripple the credit of the State—seriously to hamper her power to borrow money, and, in our judgment, such a power is not derivable from a mere general power to tax property.

3. We think, too, that the city has no grant of the power to assess the additional per cent. in case of failure to pay promptly. So far as the right of the city is to be gathered from the Acts published in the City Code, we find no specific mode pointed out how its taxes are to be collected. The general rule is, as laid down in the books, that if no specific mode is pointed out, the tax, when assessed, is a debt, and is only collectable as other debts: See Dillon on Municipal Corporations, on this subject, and the numerous authorities there cited. We suppose the city has heretofore adopted the mode used by the State for the collection of its taxes, to-wit: by distress and sale of the property of the tax payer, and perhaps the power to assess and collect a tax implies this, though there are cases denying even this right: See 30 Alabama, 461; 1 Hulst., (N. J.,) 67; 3 Levintz, 281; 2 Maule & Sel., 60; see, also, Dillon on Municipal Corporations, sections 270, 287, 341, 355, 656, 657. The power in the city of Augusta to collect by distress and sale may, perhaps, also be fairly implied from the Act of incorporation and the amendments. It has, too, doubtless, been so long in use, unquestioned by the people or the Legislature, as now to have the authority of a presumptive grant. But we are not prepared to extend it. The right to enforce the ordinances by fine does not, we think, fairly include the right to assess a fine for the non-payment of a tax or other debt to the city, merely because that debt grows out of an ordinance. At common law all taxes by

corporations and all fines were only debts, and were only recoverable by suit at law. At least, a tax is only a debt, and the power to collect it by a fine must be granted; it cannot be presumed.

Judgment reversed.