THE CITY OF GARDEN CITY V. A. J. ABBOTT.

LICENSE TAX; *Non-Resident of City.* Under an act of the legislature giving to cities of the third class the power to levy license taxes upon attorneys at law residing in the city, such cities have no power to levy license taxes upon attorneys at law having offices in the city, and doing business therein, but who do not reside in the city.

*Appeal from Finney District Court.*

THE opinion states the case. At the April Term, 1885, judgment for the defendant. *The City* brings the case here.

*Frush & Cartright,* for appellant.

*A. J. Abbott,* appellee, for himself.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the police court of Garden City, a city of the third class, by the city attorney against A. J. Abbott, for an alleged violation of a certain ordinance, which provides, among other things, as follows:

"SECTION 1. Every person now or hereafter doing business in the city of Garden City shall pay a license tax, and procure a license as provided in this ordinance for each and every branch of business engaged in."

"SEC. 3. . . . Attorneys at law shall pay a license tax of $8 per year."

"SEC. 17. Each and every person who does now or shall hereafter conduct or engage in any business or occupation in the city of Garden City, for which a license is required by this ordinance, without first obtaining a license and paying a license tax therefor, as provided in this ordinance; and every person who shall violate the provisions of this ordinance, shall be fined not less than $5 nor more than $50, and costs of suit."

The defendant was charged with violating that provision of the ordinance which requires that "attorneys at law shall pay a license tax of $8 per year." He was tried and found guilty in the police court, and fined in the sum of $10, and

adjudged to pay the costs. From this sentence and judgment he appealed to the district court. In the district court the defendant moved to quash the proceedings, for the reason that no offense was charged against him, and the district court sustained the motion, and discharged the defendant; to which ruling the plaintiff, Garden City, excepted, and now brings the case to this court.

The city ordinance under which the defendant was prosecuted is based upon § 48 of the third-class-city act, which provides, among other things, as follows:

"SEC. 48. The city council shall have authority to levy and collect a license tax on auctioneers, . . . wagons and other vehicles used in the city for pay, . . . attorneys at law and physicians residing in such city."

The defendant is an attorney at law, and has an office in Garden City and practices law therein, but he does not reside in the city. The ordinance, however, is broad enough to include all attorneys at law who do business in Garden City, whether they reside therein, or not; but it is claimed by the defendant that the city has no authority to pass an ordinance requiring a license tax from an attorney at law residing outside of the city, although his office may be in the city, and although he may do business therein; and the court below so held, and we think correctly. Section 48 of the third-class-city act expressly gives authority to the city council to levy license taxes upon various persons other than attorneys at law and physicians, carrying on business in the city, regardless of where they reside; and upon such wagons and other vehicles as are used in the city for pay, without reference to where the persons who use or own them reside; but with regard to attorneys at law and physicians, the section seems to make an exception. As to some persons, the *locality of their business in the city* determines whether they are to be taxed, or not; as to wagons and other vehicles, their *use for pay* in the city determines whether they are to be taxed, or not; but as to attorneys at law and physicians, their *residence* in or out of the city deter-

No license tax on non-resident of city.

mines whether they are to be taxed, or not.   No authority is given by § 48, or by any other section of the statutes, to levy license taxes upon attorneys at law or physicians, except where they reside within the limits of the city.

No other question has been presented to this court, and upon this question we think the decision of the court below is correct, and therefore its judgment will be affirmed.

All the Justices concurring.