FRED P. WILCOX, RESPONDENT, *v.* THE CITY OF ROCHESTER, APPELLANT.

*Sale of real estate for the collection of a personal tax.*

Where a tax is imposed against a resident of the city of Rochester upon the assessed value of a house and lot therein, and also upon an assessment for personal property, and said tax is not paid, the city treasurer, although authorized to sell the house and lot for the non-payment of the tax thereon, cannot sell such real estate for the aggregate amount of the tax upon the real estate, and of that upon the personal assessment.

Under the charter of the city of Rochester a tax imposed upon an assessment for personal property is not chargeable upon the real estate of the party assessed in such wise as to authorize the city treasurer, without further proceedings, under chapter 218 of 1842 and chapter 361 of 1867, to sell the real estate in order to collect the same.

APPEAL by the defendant from a judgment of June 21, 1888, entered in the Monroe county clerk's office on the report of a referee setting aside a general city tax levied against the plaintiff in the year 1884, upon an assessment of personal property, and also vacating a sale of real estate sold for the non-payment thereof.

*E. F. Wellington,* for the respondent.

*Henry J. Sullivan,* for the appellant.

MACOMBER, J.:

The plaintiff resided for a number of years prior to January 1, 1884, in the seventh ward of the city of Rochester. At about the last-named date he removed into the fourth ward of that city and continued there to reside until December of that year when he

removed to the State of Michigan.    The assessment against him for personal property was made in the spring of 1884 for the sum of $50,000.    He was also assessed at the same time for the value of a house and lot in Tracy park, in the seventh ward.    The fact of the plaintiff's removal from the seventh to the fourth ward was generally known by his friends, and no effort was made on his part, apparently, to conceal it from the knowledge of the assessors.    The tax, as extended against the plaintiff upon the rolls for that year, for the assessment upon both the personal and real estate, was $1,656.29. In the month of August, 1884, after the tax became due and payable, and at a time when an additional charge of one per cent was made for the non-payment of the same, the plaintiff tendered to the treasurer of the city of Rochester the sum of forty-five dollars and eleven cents, being the full amount of the city tax assessed upon the real estate above mentioned, with the interest and percentages thereon, which was refused because the plaintiff did not also offer to pay the tax assessed upon his personal property.    Subsequently, and on the 26th day of March, 1885, the city treasurer sold the real estate for the whole amount of the real and personal tax, with interest, charges and expenses added, and the land was struck off to the defendant and a certificate thereof was made and delivered to the proper officer by the treasurer.

There is no question but that the plaintiff was the owner of personal property of the amount estimated by the assessors in the spring of 1884, but there was no proof that the plaintiff knew that he was assessed for the same in the seventh ward before the rolls were completed and had been delivered to the city treasurer in the month of July.    Irrespective of the question whether the plaintiff can be relieved of this assessment upon the personal property by reason of its being levied in the seventh ward instead of the fourth, there appears to be a cogent reason why the judgment entered upon the report of the referee should be affirmed.    The power of the city treasurer to sell land for delinquent taxes is derived solely from section 94 of the city charter (chap. 14 of 1880), which provides that the lands may be sold summarily when charged by taxes which have been due and unpaid for more than thirty days previous to the last Thursday in March.    Our attention has been called to no statute, and we know

of none, which, in the city of Rochester, makes the imposition of a tax for personal property directly chargeable upon the real estate so as to enable the city treasurer, without further proceedings, to sell the real estate in order to collect the same. Under section 91 of the city charter, the treasurer is authorized to issue warrants for the collection of personal taxes so assessed, and if no personal property is found by the collector into whose hands the warrant is placed, he shall return the warrant unsatisfied as to the tax in question. There are special proceedings provided by law for the collecting of such taxes (chap. 318 of the Laws of 1842, and chap. 361 of the Laws of 1867). But the city treasurer cannot, in the first instance, as has been attempted to be done in this case, add to the charge upon the real estate the tax for personal property and enforce the same, as a charge against the land owned by the persons so taxed, as though it was an assessment on the land itself.

The judgment should be affirmed.

BARKER, P. J., and DWIGHT, J., concurred.

Judgment affirmed.