# Norris *v.* Town of Oakman.

*Prosecution for Violation of Ordinance against disposing of Spirituous, Vinous or Malt Liquors.*

1. *Right of municipality to restrain, regulate or prohibit the sale of liquors; validity of ordinance.*—Where, under its charter, the mayor and aldermen of a municipality are given power and authority "to license, regulate and restrain the selling or giving away of any spirituous, vinous or malt liquors," an ordinance passed by the mayor and aldermen of said town, which provides that "any person who shall sell, give away, furnish or cause to be furnished or delivered, any spirituous, vinous or malt liquors on Sunday, except on prescription from a practicing physician, shall be fined," etc., is without the power conferred upon the mayor and aldermen, and is invalid so far as it seeks to prohibit the delivery of any spirituous, vinous or malt liquors.

2. *Same; same; when no conviction authorized.*—Under such an ordinance, a person can not be convicted, where the proof shows that at the request of the keeper of the saloon, at whose house he boarded, he went to the saloon in said town, Sunday afternoon and brought to the house and delivered to the owner spirituous, vinous or malt liquors.

APPEAL from the Law and Equity Court of Walker. Tried before the Hon. PEYTON NORVELL.

This was a prosecution, commenced in the Mayor's court of the town of Oakman, against the appellee, Bill Norris, on a charge of "Sunday Violation."

In the Walker County Law and Equity Court there was a complaint filed by the solicitor in the name of the town of Oakman, against Bill Norris, which was in words and figures as follows: "The town of Oakman charges that within 12 months that Bill Norris did sell, give away, furnish or caused to be furnished or delivered spirituous, vinous or malt liquors or intoxicating fluid on Sunday within the corporate limits of the town of Oakman."

The defendant pleaded not guilty. The facts as

[Norris v. Town of Oakman.]

shown by the evidence are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the State instructed the jury as follows: "If the jury believe the evidence beyond a reasonable doubt, they must find the defendant guilty." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give the following charge requested by him: "I charge you, gentlemen of the jury, that if you believe the evidence in this cause, you will find the defendant not guilty."

From a judgment of conviction, the defendant prosecutes the present appeal.

LEITH & SHERER, for appellant, cited *Reynolds v. State,* 73 Ala. 3; *Coker v. State,* 91 Ala. 92; *Thurman v. State,* 18 Ala. 276; *Goldsmith v. Mayor, etc.,* 21 Ala. 577.

MASSEY WILSON, Attorney-General, *contra,* cited *Carter v. Long,* 125 Ala. 280; *Crawford v. Crawford,* 119 Ala. 34; *Williams v. State,* 44 Ala. 41; Constitution of 1901, § 8; Acts, 1894-95, 1169, § 6, subdiv. 3.

HARALSON, J.—The mayor and aldermen had the power conferred upon them by the charter of the town, "To license, regulate and restrain the selling or giving away of any spirituous, vinous or malt liquors within the corporate limits of the town," and "to forbid and punish the selling or giving away of any spirituous, vinous or malt liquors to any minor, habitual drunkard or person of feeble mind."—Subdivisions 8 and 11 of Section 4 of the charter, Acts, 1894-95, 1169. By said charter it is also provided, that "all actions in the nature of prosecutions for the violation of town ordinances to recover a fine, or to impose any penalty under any by-laws or ordinances of said town, shall be brought in the name of the 'Town of Oakman,' as plaintiff; that the Mayor shall be police magistrate of said town, and shall impose the penalties prescribed

by the ordinances or by this act, for the violations of the ordinances and by-laws of the town.—Subdivisions 2 and 5 of § 9 of said charter. By section 10 it is provided, "That the marshall or other police officer or officers of said town, shall have the authority, and it shall be their duty to execute the lawful ordinances of such corporate authorities, and must without warrant arrest all persons breaking the peace or violating any ordinance and bring the offender before the mayor as police magistrate."

2.    The State introduced in evidence the town ordinance under which the defendant was. proceeded against, as follows: "Section 113—Sunday Violations. Any person who shall sell, give away, furnish or cause to be furnished or delivered any spirituous, vinous or malt liquors or intoxicating fluids of any kind on Sunday, except on prescription from a practicing physician, shall be fined not less than $50.00, nor more than $100.00 (and must also be bound over, to the next term of the circuit or law and equity court of Walker county, etc.)" The latter part of the ordinance, which we placed in parentheses, the defendant moved to exclude, which motion was overruled. Why that part of the ordinance was enacted; and under what authority, we are not advised, nor do we make any decision on that question. It is evident, however, that it has nothing to do with this case, and could have had no influence in its decision. . It was allowed, as we presume, to be read as a part of an entire ordinance that was being introduced.

It is the policy of the law to require municipal corporations to act strictly within their delegated powers, and no power can be exercised when it is not clearly comprehended within the words of the act conferring it, or derived therefrom by necessary implication.— 15 Am. & Eng. Ency. Law, (1st ed.), 1041.

It will be seen, in the several parts of the charter quoted above, that the powers conferred upon the town as to spirituous, vinous or malt liquors, were intended to enable the municipality to prevent the "*selling or giving away*" of such liquors. That was the vice at which the charter powers were directed, and with

[Norris v. Town of Oakman.]

which the municipality was authorized to deal by or-
dinance. The ordinance in question, going beyond the
language of the statute, makes it unlawful to sell, give
away, "furnish or cause to be furnished or delivered
any spirituous, vinous or malt liquors   *   *   *   on
Sunday."

It is not pretended that the defendant sold, gave
away or furnished to any one any such liquors. The
proof by defendant is uncontradicted, that Mr. Coudan
owned the saloon from which the beer was taken; that
he had been away that day, Sunday, until evening, and
when he came home, told the defendant, to go down to
the saloon and bring up some beer for him and the
defendant; that defendant went to the saloon and took
the beer home, being himself an employe of Mr. Cou-
dan, and a boarder in his house; that he and Coudan
and son drank the beer as they desired it, that the beer
belonged to Mr. Coudan, and that the defendant did
not sell or give away anything that day, but simply
carried the beer to the house for the use of Mr. Coudan
and himself.

The sole question turns upon the word *"delivered"*
as employed in the ordinance, and whether that word
has any legal place in said ordinance. The statute, as
stated, does not contain the word, and it may be safely
stated, admitting that the word could be legally em-
ployed therein, that unless it can be connected with
the words "sell or give away," so as to be a part of a
sale or giving away, it is by itself without force or
meaning in said ordinance. One may, as a physical
fact, deliver to another something he is in possession
of but in which he has no personal interest, and which
belongs to the one to whom it is delivered. Such an
act would have in it no element of a sale or a gratuitous
giving away.—*Reynolds v. State,* 73 Ala. 3. Such seems
to be the character, exactly, of the delivery of the beer
by defendant to Coudan in this case. The word *"de-
livered"* implies other and more general meaning than
the specific or particular words "sell" or "give away,"
as employed in the ordinance, and which words it fol-
lows, and must, on a settled rule of statutory construc-

[Bailey v. Dunlap Mercantile Co.]

tion, be held to extend only to a disposition, *ejusdem generis,* with a sale or gift.—*Amos v. State,* 73 Ala. 498.

The court refused to charge that if the jury believed the evidence they must find for the defendant. In this it erred.

The other questions raised need not be considered, and what we have said will suffice for the disposition of the case below.

Reversed and remanded.