(78 South. 100)

## BEST v. CITY OF BIRMINGHAM. *
### (6 Div. 312.)

(Court of Appeals of Alabama. Jan. 15, 1918. Rehearing Denied Feb. 26, 1918.)

1. MUNICIPAL CORPORATIONS ⬅672 — TAXATION—STATUTORY PROVISIONS—REPEAL.

Section 47 of the old charter of Birmingham, authorizing the city to require all male inhabitants between certain ages to work upon the streets for at least five days in each year,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

16 ALA.APP.—23          [1] 200. Ala. 31.          *Judgment reversed 201 Ala. 641, 79 South. 113.

provided that each person so required to work might relieve himself therefrom by paying a sum to be fixed, not exceeding $5, was repealed by Code 1907, § 1336, which is a part of the present charter, and which provides that the inhabitants of any municipality may be required to pay a street tax of not exceeding $5 a year, as this is a complete revision of the subject of street taxes, and there is a marked difference between the two provisions.

**2. MUNICIPAL CORPORATIONS ⊜⇒672—TAXATION—NATURE—"TAX."**

Under Code 1907, § 1336, providing that the inhabitants of any municipality may be required to pay a street tax of not exceeding $5 a year, the burden so imposed is a "tax," and not the exaction of a public duty, since the requisition of labor for working the public highway, though commutable in money, is the exaction of a public duty, and not taxation; but a levy of money for application to the public highway is taxation, even though labor is ultimately accepted in lieu of the money primarily required.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tax.]

**3. TAXATION ⊜⇒58—STRICT CONSTRUCTION—REVENUE LAWS.**

Statutes authorizing the levy of taxes are to be strictly construed, and not extended by implication, nor is their operation to be enlarged so as to embrace matters not specifically pointed out, though standing upon a close analogy.

**4. MUNICIPAL CORPORATIONS ⊜⇒672—TAXATION—POWERS OF CITY.**

Code 1907, § 1336, does not authorize a city to require a citizen to work on the street, or to impose a fine for the failure to so work, or to pay the street tax thereby authorized.

**5. MUNICIPAL CORPORATIONS ⊜⇒57—POWERS—IMPLIED POWERS.**

Municipal corporations have no implied power, but only such power as has been expressly granted to them.

**6. MUNICIPAL CORPORATIONS ⊜⇒524—TAXATION—POWERS OF CITY.**

Code 1907, § 1251, provides that municipal corporations shall have power to adopt ordinances and resolutions not inconsistent with law to carry into effect or discharge the powers and duties conferred upon them, and to provide for the safety, preserve the health, promote the prosperity, and improve the morals, comfort, and convenience of the inhabitants of the municipality, and enforce obedience by fine or imprisonment, or both. Acts 1915, p. 296, § 6, contains substantially similar provisions. *Held*, that neither of these acts authorizes a city to provide by ordinance for fining or imprisoning a person delinquent in the payment of his street tax.

**7. MUNICIPAL CORPORATIONS ⊜⇒624—POWERS—CONSTRUCTION OF STATUTORY PROVISIONS.**

Code 1907, § 1251, and Acts 1915, p. 296, § 6, authorizing cities to adopt police and other regulations, and to enforce obedience by fine or imprisonment, must be strictly construed.

**8. MUNICIPAL CORPORATIONS ⊜⇒524, 672—STREET TAX—PAYMENT IN LABOR—ENFORCEMENT.**

Under Code 1907, § 1336, authorizing municipalities to impose a street tax, the city may authorize the acceptance of labor in payment of the tax, but so much of an ordinance as undertakes to enforce payment by criminal process is in excess of the power granted by said section.

Appeal from Criminal Court, Jefferson County; Wm. E. Fort, Judge.

Frank F. Best was convicted of violating a municipal ordinance, and he appeals. Reversed and rendered.

Horace C. Wilkinson and Joseph Embry, both of Birmingham, for appellant. M. M. Ullman and W. H. Sadler, Jr., both of Birmingham, for appellee.

BRICKEN, J. The defendant was tried and convicted of violating Ordinance No. 405C of the city of Birmingham, which is as follows:

"An Ordinance to Levy a Street Tax.

"Be it ordained by the commission of the city of Birmingham as follows:

"Sec. 1. That every male inhabitant of the city of Birmingham between the ages of 21 and 45 years shall, on or before the 1st day of August, 1916, pay to the city comptroller, for the use of the city of Birmingham, street tax for the remainder of the year 1916, of $2.50: Provided, that any person liable for a street tax may, in lieu of said tax, work three days on the public streets of the city of Birmingham, under the direction of the street commissioner, by September 1, 1916.

"Sec. 2. Be it further ordained that every male inhabitant of the city of Birmingham, between the ages of 21 and 45 years, shall, on or before the 1st day of March, 1917, and every year thereafter, pay to the city comptroller for the use of the city of Birmingham a street tax of $5 per annum: Provided, that any person liable for a street tax may, in lieu of said tax, work six days on the public streets of the city of Birmingham, under the direction of the street commissioner, by March 1st of each year.

"Sec. 3. Be it further ordained that the funds arising under this ordinance shall be kept in the city treasury as a separate fund to be used exclusively for the support and maintenance of the public streets within the limits of the city of Birmingham.

"Sec. 4. Be it further ordained that any person liable for the street tax under the provisions of this ordinance who fails to pay the same, or discharge the same in labor in the manner prescribed herein, shall, upon conviction, be fined not less than $5, nor more than $10.

"Sec. 5. Be it further ordained that this tax shall not apply to persons residing in the city of Birmingham for a less period than three calendar months."

The defendant urges two propositions as reasons why the judgment appealed from should be reversed, both of which go to the validity of the ordinance above set out, but it is not deemed necessary to treat both of these propositions, as the one dealt with here is conclusive of this appeal.

It is insisted by the defendant that so much of the ordinance as authorizes the imposition of a fine on the person liable to the tax, who fails to pay it, or discharge it in labor, is ultra vires, and therefore the material proposition in the case is: Has the city of Birmingham the authority to provide by ordinance. for the imposition of a fine on a person who is subject to street tax, and fails to pay it or discharge it in labor?

Section 47 of the old city charter (Weak-

ley's Local Laws of Jefferson County, p. 47) is as follows:

"Be it further enacted that said board shall have authority to require all male inhabitants who have resided therein for ten days and who are between the ages of eighteen and fifty years to work upon the streets of said city for at least five days in each year under the direction of such officer as the board may appoint: Provided, that each person so required to work may relieve himself from so working by paying into the city treasury a sum to be fixed by the board, not exceeding five dollars; and the money so collected or paid shall be used and applied exclusively to the improvements of the streets: Provided, further, that the inhabitants shall be exempt from working on roads and highways outside the limits of said city."

Section 1336 of the Municipal Code, which is a part of the present charter of the city of Birmingham, is as follows:

"*Roads; Exemption of Inhabitants from Working:* The inhabitants of any municipality shall be exempt from working on the highways or roads outside the limits thereof, and may be required, for the support of the streets within the limits, to pay a street tax of not exceeding five dollars per year."

[1] It is contended by the appellant that section 1336 of the Code of 1907 supersedes section 47 of the old city charter, and that section 1336 is the exclusive law on the subject relating to street tax. An examination of the two sections shows that there is a marked difference between them, viz.: Under section 47 of the old city charter, the city was authorized to require its male inhabitants to work the streets, and was required by law to accept a moneyed commutation in lieu thereof. Under section 1336 of the Code, the city is not authorized to require its male inhabitants to perform labor; but, to the contrary, is only authorized to levy a tax of a specified sum, and is not authorized or required to accept any commutation in lieu of the moneyed tax which the statute purports to authorize it to levy.

"It is an old and well-defined rule of statutory construction that a subsequent statute revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate as a repeal of the former." Colvin v. Ward, 189 Ala. 198, 66 South. 98; Lemay v. Walker, 62 Ala. 39-40; Ogbourne v. Ogbourne's Adm'r, 60 Ala. 616; Scott v. Simons, 70 Ala. 352-356; Prowell v. State ex rel. Hasty, 142 Ala. 80, 39 South. 164; Fulton v. State, 171 Ala. 572, 54 South. 688.

Section 1336 of the Code is a complete revision of that particular subject (street tax), and we are of the opinion that section 47 of the old charter was repealed by section 1336 of the Code. Colvin v. Ward, supra; Baader v. Cullman, 115 Ala. 539, 22 South. 19.

[2] It is well settled that the requisition of labor for working the public highway, though commutable in money, is the exaction of a public duty, and is not taxation. Butler v. Perry, 240 U. S. 328, 36 Sup. Ct. 258, 60 L. Ed. 672. But the appellant contends the reverse of the proposition, to wit,

a levy of money for application to the public highway is not the exaction of a public duty, but is taxation, even though labor is ultimately accepted in lieu of the money primarily required. Appellant's contention has been approved by the Supreme Court of Alabama, in the case of Toone v. State, 178 Ala. 74, 59 South. 666, 42 L. R. A. (N. S.) 1045, in which the court said:

"The books have been examined in vain for an authority which will authorize the exaction from a citizen of the contribution of his property for public service, under the theory that it is his duty as a citizen to so contribute."

In this case, the thing primarily required was the use of a citizen's mules (instead of his money) on the public road, and it was held that the requisition of mules for road duty was a tax, even though the owner of the stock was permitted to pay a fixed sum in lieu of furnishing his mules for work on the highway. There is no difference in principle between the requisition of mules and money. Each are property. In addition to this, the statute (section 1336) speaks of this assessment as a street tax. It appears in the Municipal Code, under the subject of taxation, and the ordinance requires a citizen to pay a street tax. We therefore conclude that the burden imposed by the ordinance is a tax.

[3] Statutes authorizing the levy of taxes are to be strictly construed; they are not to be extended by implication, nor is their operation to be enlarged so as to embrace matters not specifically pointed out, though standing upon a close analogy. Lott v. Ross & Co., 38 Ala. 160; U. S. v. Wigglesworth, 28 Fed. Cas. 596 (Story, J.); Cooley on Taxation, pp. 465-468. In fact, it has been said that a citizen cannot be subjected to such burdens without clear warrant of the law. People v. Sherwood, 113 N. Y. 174, 21 N. E. 87, 3 L. R. A. 464.

[4,5] With these well-established rules of construction applied to section 1336 of the Code, it is obvious that said section does not authorize the city to require a citizen to work on the streets. Neither does it authorize the city to punish him for his failure to do so. It likewise provides no remedy for the collection of the tax authorized to be levied. The extent of the authority therein conferred is to levy a tax of $5 per year. Municipal corporations have no implied power, but only such power as has been expressly granted to them. Boyd v. Selma, 96 Ala. 144, 11 South. 393, 16 L. R. A. 729; Mobile & Spring Hill R. R. Co. v. Kennerly, 74 Ala. 566-574.

It is further well settled that the right to require the payment of a tax does not carry with it the power to penalize a party in default, and it is laid down by eminent authority that a municipality cannot prescribe a penalty for neglect to pay taxes, unless it is expressly authorized to do so. Perry County v. Selma R. R., 65 Ala. 391; Dillon, Mun. Cor. (5th Ed.) § 1417; San Antonio v. Raley (Tex.) 32 S. W.

180; Butler's Appeal, 73 Pa. 448; Ham v. Miller, 20 Iowa, 450; Municipality No. 1 v. Pance, 6 La. Ann. 515.

In the case of Cooper v. City of Savannah, 4 Ga. 73, it appears that the city of Savannah levied a tax of $100 on each free person of color who moved into the city, and provided by ordinance for a fine of $100 and a jail sentence for any person liable for tax who failed to pay it. A delinquent taxpayer was arrested and convicted, and on a petition for a writ of habeas corpus the court said:

"The right of the city authorities to impose a tax upon all free persons of color within the corporate limits is recognized. But if the ordinance which the petitioners are charged to have violated be a tax ordinance, and the offense for which they are imprisoned is the nonpayment of the tax imposed by such ordinance, then in our judgment their imprisonment is illegal. While we admit the right of the corporation to impose and collect the tax specified in the ordinance, yet, we deny the right of the corporation to enforce its collection by imprisonment."

The petitioners were discharged, notwithstanding the city had full power and authority to make all such rules and regulations as might be deemed proper for the well-being and safety of the inhabitants of the city in regard to the conduct and residence of free persons of color within the corporate limits.

In a later case, that of Augusta v. Dunbar, 50 Ga. 387, the city of Augusta attempted to impose a penalty ranging from 4 per cent. to 10 per cent. on delinquent taxpayers, and also provided that after a certain time they were subject to a fine. The court said:

"The right to enforce the ordinance by a fine does not, we think, fairly include the right to assess a fine for the nonpayment of a tax or other debt to the city, merely because that debt grows out of an ordinance."

In Ex parte Grace, 9 Tex. App. 381, the city had full charter power over its streets, and "to make, pass, publish, and enforce all needful * * * ordinances, * * * not inconsistent with the Constitution and laws of this state [in order] to carry out the powers herein conferred."

The city passed an ordinance making it a misdemeanor to fail to work the streets. Its authority to do so was questioned, and it was urged that the charter power above referred to was ample authority for the passage of the ordinance whose validity was attacked. The court said:

"To our minds, the language is not susceptible of this construction, which we are of the opinion would be a strained and unnatural construction, to say the least."

See, also, Galloway v. Town of Tavares, 37 Fla. 58, 19 South. 170, where a similar ordinance was held invalid.

As suggested above, section 1336 of the Code does not attempt to provide a remedy for the enforcement of the collection of the tax authorized to be levied; but, on the contrary, the city charter is silent respecting the method by which the collection of the tax may be enforced. In such cases, the authorities say that the city cannot resort to any remedy more summary than an ordinary action at law. Dillon, Mun. Corp. (5th Ed.) § 1417; 28 Cyc. 1728, 10; 37 Cyc. 724; Merriman's Case, 25 Iowa, 163; Paine v. Spratley, 5 Kan: 525; Alexander v. Helber, 35 Mo. 334; San Antonio v. Raley, supra; Butler's Appeal, supra; Ham v. Miller, supra; Wilcox v. City of Rochester, 54 Hun, 72, 7 N. Y. Supp. 187; Central Trust Co. v. Condon, 67 Fed. 84, 14 C. C. A. 314; Garden City v. Abbott, 34 Kan. 283, 8 Pac. 473; Marshall v. Wadsworth, 64 N. H. 386, 10 Atl. 685.

[6, 7] In reaching our conclusion, we have not overlooked section 1251 of the Code and section 6 of the "Omnibus Bill." Acts 1915, p. 296. The provisions might be termed "general welfare" clauses of the city charter. Posey v. Town of North Birmingham, supra. And each of them must be strictly construed. City of Montgomery v. West, 149 Ala. 311, 42 South. 1000, 9 L. R. A. (N. S.) 659, 123 Am. St. Rep. 33, 13 Ann. Cas. 651; Norris v. Town of Oakman, 138 Ala. 411, 35 South. 450; McQuillin, Municipal Ord. § 46.

Considered in this light, it is obvious that neither section 1251 of the Code, or section 6 of the Omnibus Bill, authorizes the city to provide by ordinance that a person who is delinquent in the payment of his street tax may be fined or imprisoned. In fact, this view has been repudiated by eminent authority. Cooper v. City of Savannah, 4 Ga. 73; City of Augusta v. Dunbar, 50 Ga. 394; Galloway v. Town of Tavares, 37 Fla. 58, 19 South. 170; Insurance Co. v. City of Minden, 51 Neb. 870, 71 N. W. 995; New Decatur v. Berry, 90 Ala. 432, 7 South. 838, 24 Am. St. Rep. 827; Posey v. Town of North Birmingham, 154 Ala. 511, 45 South. 663, 15 L. R. A. (N. S.) 711; Eufaula v. McNab, 67 Ala. 588, 42 Am. Rep. 118; Norris v. Town of Oakman, 138 Ala. 411, 35 South. 450; Cleveland Furniture Co. v. City of Greenville, 146 Ala. 559, 41 South. 862; B. & P. M. Railway Co. v. Street Railway Co., 79 Ala. 465, 58 Am. Rep. 615; Greensboro v. Ehrenreich, 80 Ala. 579, 2 South. 725, 60 Am. Rep. 130; Myer Marx v. City of Ensley, 141 Ala. 602, 37 South. 639.

What we have said here in no wise conflicts with the decision in Barefield's Case, 1 Ala. App. 515, 56 South. 260, and the case of City of Montgomery v. Gilmer, 1 Ala. App. 526, 56 South. 264. The ordinance there attacked was attacked on entirely different grounds from those urged on this appeal, and the questions here raised were not even suggested in the two cases above referred to. In addition, this court is required to decide the points here raised without regard to its former ruling. L. & N. R. R. v. W. U. Telegraph Co., 195 Ala. 124, 71 South. 118, Ann. Cas. 1917B, 696; Code 1907, § 5965.

The cases referred to by appellee (Goldthwaite v. City of Montgomery, 50 Ala. 486, and Ex parte Montgomery, 64 Ala. 463) are not in conflict with our present holding, as the ordinances in the two cases last referred

to were founded on an express provision contained in the city charter, which conferred on the city full power and authority "to pass laws for the assessment, levy and collection of taxes on various occupations, trades and professions." "The mode of enforcing payment of a tax by resort to a quasi criminal prosecution is so wide a departure from the settled policy of the state on the general subject of tax collections as to raise a very strong presumption that if the Legislature had intended that such a method should be pursued in collecting this tax, that it would have so provided in express terms, and would not have left its intention to be derived from inferences or reached by rules of construction. No doubt an ordinary action at law is insufficient and impractical as a means for the collection of a tax of this kind. This is good ground for an application to the Legislature to provide a more available and efficient method, but it affords no basis for the inference that the city should have a more summary and drastic remedy than the state attempts to use."

[8] The ordinance, in so far as it levies the tax and allows the tax to be paid by labor, is valid, but section 4 thereof, which undertakes to enforce payment of the tax by criminal process, is in excess of the power granted by section 1336 of the Code, and is therefore invalid. The trial court erred in holding section 4 of the ordinance valid.

The case being tried without a jury, upon an agreed statement of facts, the judgment appealed from is reversed, and a judgment is here rendered discharging the appellant.

Reversed and rendered.