### Commonwealth v. Tattersall

*Blythe H. Evans, Jr., District Attorney,* for Commonwealth.

*Joseph L. O'Donnell,* for defendant.

BIGELOW, J., April 17, 1969.—By indictment approved by the grand jury on December 5, 1968, defendant was charged with violation of section 102 of the Building Code of the City of Wilkes-Barre, in that he:

". . . on or about July 22, 1968 to on or about August 26, 1968 in said County, did unlawfully alter, repair or add to a building at 141 N. Washington Street, Wilkes-Barre by doing certain construction

work including installation of an outside basement door and plastering, without first filing with the building official an application in writing and obtaining a formal permit for same contrary to Section 102 of the Building Code of the City of Wilkes-Barre."

Section 102(1)(a) of the building code (file of council no. 2 of 1954) makes unlawful the construction, alteration, addition to, removal or demolition of a building or the commencement of such activity or certain installation work "without first filing with the building official an application in writing and obtaining a formal permit." Section 104 of the building code, subsection 3(a), provides that a person violating the permit provisions of the code:

". . . shall be guilty of a misdemeanor punishable by a fine of not less than Ten ($10.00) Dollars nor more than one Hundred ($100.00) Dollars, or by imprisonment not exceeding six (6) months, or by both such fine and imprisonment."

The criminal complaint and transcript refer also to an alleged violation of section 102(1)(c-1), requiring the submission of plans with the application for permit, but no reference to this particular violation is set forth in this indictment.

Defendant has moved to quash the indictment for the following reasons:

"1. The warrant of arrest was invalid.

"2. The transcript sets forth no indictable offense.

"3. The action of the Grand Jury was invalid and no indictment should have been found.

"4. After your petitioner had raised objections to the indictment, he was informed by the Assistant District Attorney, Jerry Chariton, Esq., that the case was being dropped. However, when the case was called for trial, before the Honorable Frank L. Pinola, specially presiding, the above mentioned Assistant District Attorney advised your petitioner, for the

first time, that he believed the Commonwealth had a good case and he was not agreeing to dropping the case. Your petitioner then made an oral motion to quash the indictment. Judge Pinola informed your petitioner to put in writing the motion to quash the indictment and he continued the case, over the objections of the defendant, upon motion of the Commonwealth because it did not have a witness for the prosecution available."

Essentially, as to the first three reasons, it is defendant's position that the offense is not an indictable one, as it must be a civil action for the recovery of a penalty imposed by a city ordinance.

The Third Class City Code of June 23, 1931, P. L. 932, art. XLI, sec. 4131; Act of June 28, 1951, P. L. 662, sec. 41; Act of July 30, 1963, P. L. 354, sec. 1, 53 PS §39131, the enabling legislation as to building codes in cities of the third class, provides as to penalties:

". . . The building ordinance and the housing ordinance may provide proper fines and penalties not exceeding three hundred dollars for violations thereof."

The same section of the code specifically authorizes a city to, by ordinance, adopt "any standard building code" and by a separate provision, quoted above, authorizes the provision of fines and penalties for violations thereof. No specific authority has been cited by the district attorney by virtue of which city council by adopting a standard code may constitute a violation thereof a misdemeanor and provide a fine and/or imprisonment for such violation. The district attorney argues that Commonwealth v. Cabell, 199 Pa. Superior Ct. 513 (1962), requires that the penalty provision of the Wilkes-Barre Building Code be sustained as appropriate enabling legislation has been adopted by the general assembly which may delegate

the power to create an indictable crime to a city. In that case, the City of Philadelphia was held to have authority to declare a violation of the city's civil service ordinance a misdemeanor by virtue of the First Class City Home Rule Act of April 21, 1949, P. L. 665, sec. 17, 53 PS §13131. This act, in section 17, provided:

"Ordinances, rules and regulations adopted under the authority of this act or under the provisions of any charter adopted or amended hereunder shall be enforceable by the imposition of fines, forfeitures and penalties, not exceeding three hundred dollars ($300), and by imprisonment for a period not exceeding ninety days."

Section 2403 of The Third Class City Code of June 23, 1931, P. L. 932. as amended, provides in subsection 60, 53 PS §37403, inter alia, that the council of a city may:

". . . enforce all ordinances inflicting penalties upon inhabitants or other persons for violations thereof, not exceeding three hundred dollars for any one offense, recoverable with costs, together with judgment of imprisonment, not exceeding ninety days, if the amount of said judgment and costs shall not be paid . . ."

Two differences appear between the Philadelphia situation and that in this case. First, as noted in Cabell, supra, the Superior Court, in effect, expressed specific recognition of the wide powers granted to Philadelphia by virtue of the First Class City Home Rule Act. No such plenary grant appears in The Third Class City Code. Second, the Philadelphia enabling act specifically provides that a fine and imprisonment may be declared as penalties for violation of the city's ordinances, as noted above. The Third Class City Code, however, authorizes a penalty not exceeding $300 for each offense and imprisonment only if

the penalty is not paid. The court does not concur with the district attorney's apparent theory that Wilkes-Barre City Council, by virtue of the building code enabling act, may change the general penalty provisions of The Third Class City Code, supra, section 2403, 53 PS §37403, or the specific authorization set forth in section 4131, supra, 53 PS §39131, simply by adopting a standard building code of the Building Officials Conference of America (BOCA). This authorization must be found, if at all, in The Third Class City Code or appellate court interpretation thereof. No such authorization has been cited to this court. An action for a penalty for violation of a municipal ordinance is a civil proceeding, not a criminal action: York v. Baynes, 188 Pa. Superior Ct. 581. Muncipal ordinances must conform in material respects with enabling legislation: Taylor v. Abernathy, 422 Pa. 629 (1966).

Furthermore, a municipal corporation has only such power to prescribe penalties for violation of an ordinance or regulation as has been conferred upon it by the general assembly: Butler's Appeal, 73 Pa. 448; School District of Philadelphia v. Zoning Board of Adjustment, 417 Pa. 277. A fair, reasonable doubt as to the existence of a particular power in a municipality will be resolved against its existence: Kline v. Harrisburg, 362 Pa. 438, 443. See also Commonwealth of Pennsylvania v. George Marshall, Court of Quarter Sessions of Luzerne County, no. 2146 of 1966. This court has this fair, reasonable doubt, particularly as the only authority cited by the district attorney is the Cabell decision, supra, discussed above.

This court does not decide that the City of Wilkes-Barre has no authority to provide by ordinance for penalties for violation of its building code. However, for the reasons stated above, this authority must be

exercised in accordance with The Third Class City Code and not beyond that authority. The court concludes that the City of Wilkes-Barre exceeded this authority in declaring a violation of the building code to be an indictable criminal offense, i. e. a misdemeanor. For this reason, the motion to quash this indictment must be sustained.

The court, however, finds no basis in law for sustaining the motion by reason of the continuance granted by Judge Pinola, specially presiding. The ruling that the motion to quash should be in writing and the continuance of this proceeding by Judge Pinola, averred by defendant to be by reason of the absence of a prosecution witness, with no specific prejudice to defendant averred, are within Pennsylvania Rules of Criminal Procedure 301 and 304.

## ORDER

Now, April 17, 1969, defendant's motion to quash indictment no. 1384 of 1968 hereby is sustained and said indictment is quashed. Costs are to be paid by the City of Wilkes-Barre.